# Jones v. Collins.

*Suit on Promissory Note.*

1. *Appeal from justice's judgment when sum claimed exceeds twenty dollars; formation of issue.*—On appeal from a justice's judgment, when the sum claimed exceeds twenty dollars, the cause must be tried "on an issue to be made up under the direction of the court (Code, § 3122); but it is not necessary that the record should show the active interference of the court in the formation of the issue, when not requested; and it will be presumed, when pleas to the merits are found in the record, that the cause was tried on them without objection.

2. *Joining issue, without objection, on defective pleas; effect of.*—Issue being joined, without objection, on defective or insufficient pleas, advantage can not be taken of their defects on error.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

The appellee, Collins, recovered of the appellant, DeKalb Jones, a judgment in a justice court on two promissory notes executed by the latter to the former. On appeal to the ensuing term of the Circuit Court the plaintiff filed his complaint declaring on said notes; and issue was joined on a number of special pleas filed by the defendant, averring, in substance: (1). That said notes were executed by the defendant while he was so intoxicated as to be deprived of his reason and understanding; (2) that a part of the consideration of said notes was the price of whiskey and other intoxicating beverages sold by the plaintiff to defendant at divers times on Sundays; (3) that said notes were given in consideration of spirituous, vinous or malt liquors sold to the defendant at a time when he was known to be of intemperate habits; (4) that a part of the consideration of said notes was for vinous or spirituous liquors sold by plaintiff to defendant in less quantities than one quart; and said plaintiff, at the time of said sales, did not have a license to sell as provided by law; (5) that the notes sued on were given in consideration of spirituous, vinous or malt liquors sold to defendant at a time when the defendant was of known intemperate habits—"which was known to the plaintiff." The evidence adduced tended to sustain the allegations of the various pleas, but it is not necessary to an understanding of the opinion that it should be here summarized. The defendant requested the court, in writing, to give four charges; the first of which was the general charge that, if the

[Jones v. Collins.]

jury believed all the evidence, they should find for the defendant; and the remaining three presenting the matters of defense embraced in the 1st, 3rd and 5th pleas above noted. The refusal of the court to give these charges is here assigned as error.

GEO. P. HARRISON, JR., for appellant.

W. II. BARNES, *contra*.

STONE, C. J.—On the trial of an appeal from a justice's judgment, the statute directs that "when [the sum claimed] exceeds twenty dollars [the cause must be tried] upon an issue to be made up under the direction of the court, and tried by a jury." Code of 1876, § 3122. The present case was an appeal from a justice's judgment, and the sum claimed exceeded twenty dollars. Certain pleas of the defendant are found in the record; but it happens that they were filed before the complaint was tendered in the Circuit Court. A complaint had been filed before the justice; but before the trial in the Circuit Court another and more formal complaint was presented, on which it must be inferred the trial was had.

It is contended for appellee that inasmuch as the record does not show that the issue was made up under the direction of the court, we can not consider the defendant's pleas as forming any part of the issue; but must presume that the case was tried only on the general issue. We can not assent to this. We do not hold it essential that the record shall show affirmatively that the court directed the formation of the issue. Nor do we think it necessary that the court shall participate actively therein, unless thereto requested. Counsel usually prepare their own pleadings, and form their own issues; and if the court is not asked to give direction, nor to rule on the pleadings, and pleas to the merits are found in the transcript, we will presume the cause was tried on the issue thus presented.

It is objected that each of the pleas is insufficient. No demurrer was interposed to them, and their sufficiency is not before us. Issue being formed upon them, as is shown by the record, if the defendant proved the truth of either one of them, he made good his defense. *Mudge v. Treat*, 57 Ala. 1.

As the record now appears, charges 2, 3 and 4, asked by defendant, ought to have been given.

Reversed and remanded.