169 So. 292

**ROBERSON v. ROBERSON.**

5 Div. 227.

Supreme Court of Alabama.

June 25, 1936.

Rehearing Denied July 16, 1936.

Wm. M. Russell, of Tuskegee, for appellee.

**FOSTER, Justice.**

This is an action begun by appellee in a justice of the peace court, whereby she claimed an amount due by contract for her support by defendant, her husband. Having obtained a judgment, defendant appealed to the circuit court, where it was tried de novo under sections 8784 and 8786, Code. Plaintiff filed two counts in the circuit court. Defendant filed numerous special pleas, as to which there was no demurrer nor replication, general or special. It was tried without a jury. Sections 8596 and 8786, Code.

The judgment entry does not recite that an issue was made on such pleas, nor is reference to such an issue otherwise made in the record. The court so trying the case on appeal rendered a judgment for plaintiff.

It is first contended that since issue was taken on the pleas, without demurring to them, and some of them were proven without dispute, a judgment for plaintiff was error to reversal. Section 8784, Code, provides that on such trials, while de novo, they must be according to equity and justice. This has been held to avoid all technicalities in such trials. Elmore v. Simon, 67 Ala. 526; Abrams v. Johnson, 65 Ala. 465; Freeman v. Speegle, 83 Ala. 191, 3 So. 620. Section 8786, Code, provides that on such trials when the amount exceeds $20 an issue must be made up under the direction of the court. This does not mean that parties may not try such cases on immaterial issues and be bound by them, but it must appear from the record that issue was joined on an immaterial plea in order that the court shall be reversed for not adjudging the result pursuant to such issue.

In the case of Jones v. Collins, 80 Ala. 108, there was such a trial as this, but the statement of the case is that "issue was joined on a number of special pleas," and the opinion states that "issue being formed upon them, as is shown by the record." We understand that the judgment showed that issue was joined; the presumption then is that it was upon the pleas found in the record.

The judgment in this transcript does not recite the joinder of an issue, or its formation under section 8786, Code, and nowhere in the record does it appear that any attention was given to the special pleas found in it.

In order to reverse the judgment on an immaterial issue, we will not supplement the recitals of the judgment and pleadings to presume that issue was joined on immaterial pleas. We could as well presume that the court disregarded such pleas and formed the issue on his own account as provided in section 8786, Code, since technicalities are not controlling on such appeals (section 8784, Code), and that he tried it "according to equity and justice," as he should, in the absence of special issues made by the parties. While we cannot disregard fixed rules for court procedure, they should be so administered as to promote, rather than hinder, trials on their merits, when this may be done without doing violence to them.

The question of merit on the trial is whether the agreement sued on is invalid for any reason.

The parties were man and wife, but had separated. The agreement was a stipulation for a monthly payment to the plaintiff, wife, by the defendant, husband, for her support. There was no limitation to its duration. The parties were married April 20, 1934, and separated January 1, 1935. The contract was made soon after the separation. Defendant is an attendant at the United States Veterans' Hospital at Tuskegee, where he has been employed for six years. The contract recites, as one of its stipulations: "It is also mutually agreed to give each other an absolute divorce as may be obtained under the laws of Alabama."

The contention first made is that the quoted stipulation shows that a part of the consideration for the agreement was illegal, which rendered it void in toto, and could not be the basis of an action at law in any aspect. The principle is well settled to that effect, if the consideration was illegal in whole or in part. Booker T. Washington Burial Ins. Co. v. Roberts, 228 Ala. 206, 153 So. 409.

We therefore revert to the question of whether the quoted clause of the contract was an illegal feature of the consideration. The evidence shows it was insisted upon by defendant, who refused to sign the contract without it. It was written by one Burke,

an utility officer of the veterans' administration at Tuskegee, who had an L. L. B. degree at Howard University at Washington, D. C. He says that he explained to them that the clause in question "would not guarantee either of them a divorce; that the only way they could obtain a divorce was to present their case before a duly constituted court and obtain it under the laws of Alabama. There was no statement made by the plaintiff as to contesting or not contesting the divorce." Another witness testified that Burke told them that neither of them could give the other a divorce, but would have to get it according to the laws of Alabama. We do not stop to consider the legality of such testimony, as no objection was made to it. Moreover, if it relates to the consideration, it is open to parol inquiry for certain purposes.

The terms of the clause show that the divorce must be had under Alabama laws, which prohibit a divorce by confession. Section 7413, Code. Its only feature which is claimed to be illegal is that each will give the other an absolute divorce; but this is coupled with the further stipulation that it must be under laws then made known to them to prohibit one from so doing. A written agreement between husband and wife fixing the amount of payments for her support on separation has been sustained by the courts. Bulke v. Bulke, 173 Ala. 138, 55 So. 490; McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Wright v. Wright, 230 Ala. 35, 159 So. 220; Ex parte Cox, 230 Ala. 158, 160 So. 230.

And payment may be made to continue until it is merged into a decree for alimony. Adams v. Adams, 229 Ala. 588, 159 So. 80.

■ Although there is no duration fixed in the contract, it is not subject to cancellation in the discretion of the husband, but it will be operative, as Burke explained to them, until some action is taken by the court, whereby alimony is provided. It is then merged in the decree. Worthington v. Worthington, 224 Ala. 237, 139 So. 334.

If the object of a contract is to divorce man and wife, it is against public policy and void. 13 Corpus Juris, 643. But it is not every contract with such a stipulation as that in this contract that is against public policy and void. It is said in Edleson v. Edleson, 179 Ky. 300, 200 S.W. 625, 2 A.L.R. 689, at page 696, that because one of the covenants is illegal, if it can be eliminated

without impairing its symmetry as a whole, the courts will eliminate the obnoxious feature and enforce the remainder, when such vicious provision is no material part of the consideration. It is said that in such a contract the vicious provision carries its own consideration, and its elimination will not impair the contract as a whole, and is severable from the remainder, which is well supported by a valid consideration and enforceable.

■ In this case the parties were told that neither could give the other a divorce, but it must be obtained pursuant to law. With that information, its insertion in the contract is not a part of the consideration. A mere use of words which are known to have no substantial effect cannot be a material part of the consideration. Under such circumstances its inclusion, and a resulting claim that it renders the contract void, has the effect of procuring by design the execution of a void contract, thereby imposing upon the other party. We think the clause should be regarded as without legal significance.

There seems not to be any other question which needs discussion.

There is no reversible error shown, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.