ROBERTSON, Presiding Judge.
From the record, which consists of a complaint for paternity, pursuant to the Alabama Uniform Parentage Act (AUPA), and a lengthy order by the trial court, we can determine that a divorce action was filed in the circuit court, domestic relations division, by C.L.D., the mother of C.A.D. Various counterclaims and amended complaints followed in the divorce action, which raised the issue of paternity of C.A.D. and brought T.K.J. in as a party to the divorce as the putative father of C.A.D.
Then the complaint for paternity under AUPA was filed on June 14, 1990, by the State of Alabama, ex reí. C.L.D., against T.K.J., D.D. and C.A.D., a minor, through the guardian ad litem for C.A.D., in the investigation and recovery division of the circuit court which is the juvenile court.
Thereafter, on July 30, 1990, the trial court entered the aforesaid lengthy order from the domestic relations division of the circuit court which dismissed the AUPA complaint, granted certain blood tests, denied certain blood tests, found T.K.J. not to be a proper party to the paternity part of the divorce proceedings but that T.K.J. was a proper party to a counterclaim for damages, and dismissed part of C.L.D.’s second amended divorce complaint involving a paternity claim against T.K.J.
It is from that portion of the order dismissing the AUPA action that C.L.D. appeals.
The record does not reflect how the AUPA complaint was removed from juvenile court to domestic relations division (family court). Section 26-17-10(a) provides that AUPA actions
“shall be brought in the juvenile or family court division of the district or circuit court and wherever used in this chapter the word ‘court’ shall mean the juvenile or family court division of the district or circuit court and specifically shall include any district or circuit court judge otherwise sitting in one of these divisions.”
Also, § 26-17-9(a) provides that an AUPA action “may be joined with an action for divorce.... ” However, the record does not reflect that this was done. Even if joined, appellate review would be different because of the right to a jury trial on appeal as provided by § 26-17-20(a). The court in which the original AUPA action is heard shall determine both the law and the facts. § 26-17-10(h).
Appeals from any final judgment rendered in the original action are governed by § 26-17-20(a), which provides:
“Appeals shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a post trial motion.”
However, § 26-17-20(b) provides that an appeal
“may be taken from the juvenile or family court division of the district or circuit court directly to the court of civil appeals if there is an adequate record or stipulation of the facts by the parties and the right to a jury trial is waived by all parties entitled thereto.... Written notice of appeal in appeals brought pursuant to this subsection shall be filed within lip days of the entry of the judgment or order appealed from.”
(Emphasis added.)
For this court to have jurisdiction of an appeal from a final judgment in an initial proceeding under AUPA, such as this one, all parties entitled to a jury trial must have waived that right. No such waivers are before us, and we find that the waivers must be made a part of the record on appeal for this court to entertain jurisdiction. In this case, since the plaintiff is the appellant, all the parties would be entitled to a jury trial if demanded. Further, the appeal must be filed within 14 days from the entry of the final judgment, whether the appeal is to the court of civil appeals or *1142 to the circuit court for trial de novo. § 26-17-20.
We must now determine if there is a “final judgment” from which an appeal can be taken. Here, we have multiple parties, multiple claims, and multiple proceedings. The trial court’s order disposes of fewer than all the claims and fewer than all the parties. For a judgment in this situation to support an appeal, Rule 54(b) requires that the trial court take two separate steps: (1) a determination that there is no just reason for delay, and, (2) an express direction for the entry of judgment when disposing of fewer than all the claims or fewer than all the parties. Cain v. Opp, 524 So.2d 984 (Ala.Civ.App.1988).
Because of the limited record and the multiplicity of parties and claims, we find a Rule 54(b) certification would be proper in this matter, and the trial court can create an appealable final judgment by entering a proper 54(b) order with respect to the previously dismissed AUPA action. Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). Alternatively, the trial court can vacate the prior dismissal of the AUPA action and proceed to trial. Foster at 609.
The time for filing an appeal pursuant to § 26-17-20 will begin to run when the Rule 54(b) order is entered. Foster.
We recognize that this court has two alternatives in handling a case where a Rule 54(b) certification is needed. First, the appeal may be dismissed, or second, the case may be remanded to the trial court for a determination as to whether it chooses to enter a 54(b) certification. Foster.
In this case, the appeal was filed outside the 14-day period. Also, the record is insufficient inasmuch as it does not reflect whether this case was joined with the divorce action, and it does not reflect any waivers of the right to a jury trial. Consequently, we elect to dismiss this appeal.
APPEAL DISMISSED.
RUSSELL and THIGPEN, JJ., concur.