ROBERTSON, Presiding Judge.
This paternity case was filed pursuant to the Alabama Uniform Parentage Act (AUPA) in the Circuit Court of Baldwin County, Juvenile Division, wherein B.T.D. sought to have himself declared the natural father of A.C.D.H., a three-year-old child born to T.L.C.H.
T.L.C.H. filed a motion for summary judgment based on Ex parte Presse, 554 So.2d 406 (Ala.1989), and a motion to dismiss for failure to join a necessary and indispensable party. On December 13, 1990, the trial court granted summary judgment and, alternatively, dismissed the case with prejudice for failure to join an indispensable party. On December 26, 1990, B.T.D. filed a notice of appeal to this court.
Section 26-17-10(a), Code 1975, requires that original AUPA actions
“shall be brought in the juvenile or family court division of the district or circuit court and wherever used in this chapter the word ‘court’ shall mean the juvenile or family court division of the district or circuit court and specifically shall include any district or circuit court judge otherwise sitting in one of these divisions.”
*97 Section 26-17-10(h) further provides that the court in which the original action is brought shall determine both the law and the facts without any right of a jury trial.
An appeal from any final judgment entered in an original AUPA action is governed by § 26-17-20(a), which provides that appeals
“shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a posttrial motion.”
However, § 26-17-20(b) provides that “Appeals may be taken from the juvenile or family court division of the district or circuit court directly to the court of civil appeals if there is an adequate record or stipulation of the facts by the parties and the right to a jury trial is waived by all parties entitled there-to_ Written notice of appeal in appeals brought pursuant to this subsection shall be filed within 14 days of the entry of the judgment or order appealed from.” (Emphasis added.)
This court has held that all parties entitled to a jury trial must have waived that right, and the waivers must be made a part of the record on appeal for this court to entertain jurisdiction of an appeal from a final judgment in an initial proceeding under AUPA. C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App.1991). In this case, that would have been both parties.
The appeal in this case was timely filed as provided by § 26-17-20 and Rule 28(C), Alabama Rules of Juvenile Procedure, but because there is no waiver of the right to a jury trial in the record, the appeal is brought in the wrong court.
Prior to November 15, 1985, failure to appeal to the proper court within the fourteen-day appeal period mandated a dismissal of the appeal. Scott v. Brown, 497 So.2d 192 (Ala.Civ.App.1986). In other words, if this court dismissed this appeal for lack of jurisdiction, the appeal period in which to appeal to the circuit court would have long expired.
However, Rule 28(D), A.R.J.P., effective November 15, 1985, provides that an appellate court may transfer an appeal which it determines should have been brought in another court to that court. This appeal should have been brought in the Circuit Court of Baldwin County, and we elect to transfer this appeal to that court instead of dismissing it. We note that in C.L.D., supra, the appeal was filed outside the fourteen-day period, and that appeal was dismissed.
This appeal is transferred to the Circuit Court of Baldwin County with the right of a jury trial if demanded by the appellant or defendant.
APPEAL TRANSFERRED.
THIGPEN and RUSSELL, JJ., concur.