ROBERTSON, Presiding Judge,
dissenting.
I stated in the original appeal of this matter that, while an AUPA action and a divorce action may be joined, appellate review would be different because of the right to a jury trial on appeal as provided by § 26-17-20(a), Code 1975. C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App.1991). The right to a trial by jury on appeal from the family court of the circuit court is specifically provided for, and AUPA actions joined with divorce actions are not excepted. § 26-17-20(a), Code 1975.
When divorce actions and AUPA actions are joined, I think the trial court should determine, considering the parties in each action and their respective positions as well as the best interests of the child in not being bastardized, which action should proceed first and stay the other action until appellate review has run its course on the first action.
The legislative intent to prevent inconsistent valid judgments could have been the incentive to provide for the joinder of AUPA and divorce actions. That is, the child could be adjudicated to have two legal fathers or adjudicated to have no legal father if the actions remained separate. In this case, the child, through her guardian ad litem, is the plaintiff in the AUPA action and the mother (C.L.D.), the legal father (D.D.), and the putative father (T.K.J.), are all defendants. Any defendant in an original AUPA action is entitled to a jury trial if demanded on appeal. § 26-17-20(a), Code 1975.
I would reverse and remand these cases for the trial court to determine which action should proceed first and to stay the other action pending appellate review.