The petitioners, David and Barbara Lord, filed this petition for a writ of mandamus seeking to have District Judge Frank L. McGuire III accept their notice of appeal for a trial de novo in circuit court. The petitioners were tried before Judge McGuire and were found guilty of encouraging their minor child to be in need of supervision by failing to ensure that he attended school. § 12-15-13, Code of Alabama 1975. They were sentenced to 90 days in jail and were fined $100.00 plus court costs. Pursuant to Rule 28, Ala.R.Juv.P., the petitioners filed in the juvenile court a notice indicating that they wished to appeal to the Circuit Court for Covington County. The juvenile court rejected their notice, and this petition for a writ of mandamus followed.
Judge McGuire contends that it is not necessary for the petitioners to proceed to circuit court because, he says, there is an adequate record in the juvenile court. Judge McGuire maintains that this action should proceed directly to this court without a trial de novo before a jury. The petitioners contend that the juvenile court erred in rejecting their notice of appeal because, they say, they have not waived their right to a jury trial.
Rule 28, Ala.R.Juv.P., governs appeals from juvenile court. Rule 28 states in part:
"(A) Direct Appeal to Appellate Courts.
 "(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
 "(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 "(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
". . . .
 "(B) Appeal to Circuit Court. Appeals from final orders, judgments or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court."
(Emphasis added.)
Initially we must determine if mandamus is the appropriate remedy in this case. "Mandamus is a drastic and extraordinary writ, to be issued only where there is a clear legal right to the relief sought by the petitioner." Ex parte Clark,643 So.2d 977, 978 (Ala. 1994). Such a right exists in this case.
According to Rule 28(A)(1)(a), Ala.R.Juv.P., a party may appeal directly to an appellate court from the juvenile court if the record is "adequate" and "the right to a jury trial has been exercised or waived by all parties entitled" to trial by jury. There is no question here that an adequate record of the *Page 166 
juvenile proceedings can be made. As Judge McGuire notes, the proceedings were recorded and can be transcribed. However, there is absolutely no indication in the record that the petitioners waived the right to a jury trial. In fact, in the notice of appeal filed in the juvenile court, the petitioners stated their desire for a trial by a jury in the circuit court.
The Alabama Uniform Parentage Act contains a similar provision for appeal in § 26-17-20(b), Code of Alabama 1975. This section states:
 "Appeals may be taken from the juvenile or family court division of the district or circuit court directly to the court of civil appeals if there is an adequate record or stipulation of the facts by the parties and the right to a jury trial is waived by all parties entitled thereto. . . ."
(Emphasis added.)
The Court of Civil Appeals, construing § 26-17-20(b), stated in B.T.D. v. T.L.C.H., 585 So.2d 96 (Ala.Civ.App. 1991):
 "This court has held that all parties entitled to a jury trial must have waived that right, and the waivers must be made a part of the record on appeal for this court to entertain jurisdiction of an appeal from a final judgment in an initial proceeding under [the Alabama Uniform Parentage Act]. C.L.D. v. D.D., 575 So.2d 1140
(Ala.Civ.App. 1991). . . .
 "The appeal in this case was timely filed as provided by § 26-17-20 and Rule 28(C), Alabama Rules of Juvenile Procedure, but because there is no waiver of the right to a jury trial in the record, the appeal is brought in the wrong court."
Here, the record shows that the petitioners did not waive their right to a jury trial. Thus, jurisdiction would lie in the circuit court, not this court. The petition for a writ of mandamus is hereby granted and the juvenile court is directed to allow the petitioners to proceed with an appeal to the Circuit Court for Covington County for a trial de novo, as is authorized by Rule 28(B), Ala.R.Juv.P.
PETITION GRANTED.
All the Judges concur. *Page 642