This is an appeal from the denial of a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P. The appellant, Calvin Brooks, challenges his 1992 conviction for theft of property in the third degree, a misdemeanor, entered pursuant to his plea of guilty. The appellant argues that his plea of guilty was involuntary, that his trial counsel's assistance was ineffective, and that the trial court had no jurisdiction to enter the judgment or to impose sentence because, he says, he entered his plea within three days of giving notice to the court of his intention to plead guilty, and the district attorney never filed an information, in violation of § 15-15-21 through § 15-15-22, Code of Alabama 1975.
Rule 32.10, Ala.R.Crim.P., governs appeals of post-conviction petitions, and provides: "Any party may appeal a decision of a district or municipal court according to existing procedure." Rule 32.10(a), Ala.R.Crim.P. "Appeals from district and municipal courts are governed by the provisions of Rule 30[, Ala.R.Crim.P.]." H. Maddox, Alabama Rules of Criminal Procedure
§ 32.10 at 793 (1990). Rule 30.1, Ala.R.Crim.P., gives a defendant the right to appeal from district court to circuit court for a trial de novo within 14 days of the date of judgment in district court. The appellant, however, has apparently attempted to appeal directly to this Court pursuant to Rule 30.2, Ala.R.Crim.P., which provides:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
See also § 12-12-72, Code of Alabama 1975.
Neither requirement was met. Addressing Rule 30.2(2) first, we note that the record contains no stipulation by the parties that only questions of law are involved and no certification by the district court of the questions. As to Rule 30.2(1), the requirement that all parties entitled to a trial by jury waive that right was inapplicable to this case because no party in a Rule 32 proceeding is entitled to a trial by jury. Moreover, the record contains no stipulation of fact. Moreover, the record before us is inadequate: the record reflects that the appellant's guilty plea proceeding was not transcribed, and the record does not contain the transcript of the evidentiary hearing that was held on the appellant's petition. Because the requirements of Rule 30.2 were not met, this appeal is due to be dismissed. Speer v. State, 651 So.2d 1157 (Ala.Cr.App. 1994).
APPEAL DISMISSED.
All Judges concur. *Page 899