The City of Tuscaloosa, the appellee, filed a motion in this court seeking to dismiss the appeal by the appellant, James Lucas, from his conviction in the municipal court for driving under the influence of alcohol, a misdemeanor. The City contends that this court does not have jurisdiction because the record is not adequate and the appellant did not waive his right to a jury trial. See Rule 30.2(1), Ala.R.Crim.P.
Rule 30.2, Ala.R.Crim.P., governs appeals directly from a district or municipal court to an appellate court. This rule provides:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
(Emphasis added.) The appellant's direct appeal to this court is pursuant to Rule 30.2(1). However, the requirements of Rule 30.2(1), were not met.
Although there is an adequate record of the proceedings, there is absolutely no indication in the record that the appellant waived his right to a jury trial. We note that the City has no right to a jury trial on a misdemeanor appeal. As the Alabama Supreme *Page 1028 
Court stated in Ex parte Boswell, 558 So.2d 918 (Ala. 1990):
 "The Declaration of Rights set forth in Article I
of the Alabama Constitution declares '[t]hat the right of trial by jury shall remain inviolate.' Article I, § 11, Alabama Constitution of 1901. Section 6 further provides, in part, '[t]hat in all criminal prosecutions, the accused has a right . . . in all prosecutions by indictment, [to] a speedy, public trial, by an impartial jury. . . .' Article I, § 6, Alabama Constitution of 1901 (emphasis added [in Boswell]).
 "These rights were established for the benefit and protection of the citizens of Alabama. Our constitution also declares:
 " '[T]his enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of the government, and shall forever remain inviolate.'
 "Article I, § 36, Alabama Constitution of 1901 (emphasis added [in Boswell]).
"Ala. Code 1975, § 15-14-30, provides, in part:
 " 'In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant.'
 "(Emphasis added [in Boswell].) Applying § 15-14-30
and the above-stated provisions of the Alabama Constitution of 1901, we conclude that the State is not a party entitled to demand a trial by jury on a misdemeanor appeal within the meaning of § 12-12-72(1).[1]
 "In light of our conclusion that the State is not a party entitled to a jury on a misdemeanor appeal, within the meaning of § 12-12-72(1), its failure to waive the right to a jury trial has no effect and does not prevent Boswell's right to a direct appeal to the Court of Criminal Appeals."
558 So.2d at 920-21.
To proceed under Rule 30.2(1), Ala.R.Crim.P., the appellant must waive his right to a jury trial in the circuit court.
Rule 28, Ala.R.Juv.P., governs appeals from juvenile court and contains a provision relating to waiving the right to a jury trial similar to the one in Rule 30.2(1), Ala.R.Crim.P. Rule 28 states, in part:
"(A) Direct appeal to appellate courts.
 "(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
 "(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 "(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions."
(Emphasis added.)
This court in Ex parte Lord, 667 So.2d 164, 166
(Ala.Cr.App. 1995), in interpreting the above emphasized provision in Rule 28, Ala.R.Juv.P., stated:
 "The Alabama Uniform Parentage Act contains a similar provision for appeal in § 26-17-20(b), Ala.R.Crim.P. This section states:
 " 'Appeals may be taken from the juvenile or family court division of the district or circuit court directly to the court of civil appeals if there is an adequate record or stipulation of the facts by the parties and the right to a jury trial is waived by all parties entitled thereto.. . ."
 "The Court of Civil Appeals, construing § 26-17-20(b), stated in B.T.D. v. T.L.C.H., 585 So.2d 96 (Ala.Civ.App. 1991):
 " 'This court has held that all parties entitled to a jury trial must have *Page 1029 waived that right, and the waivers must be made a part of the record on appeal for this court to entertain jurisdiction of an appeal from a final judgment in an initial proceeding under [the Alabama Uniform Parentage Act]. C.L.D. v. D.D., 575 So.2d 1140 (Ala.Civ.App. 1991). . . .
 " 'The appeal in this case was timely filed as provided by § 26-17-20 [within 14 days of the entry of judgment] and Rule 28(C), Alabama Rules of Juvenile Procedure, but because there is no waiver of the right to a jury trial in the record, the appeal is brought in the wrong court.'
 "Here, the record shows that the petitioners did not waive their right to a jury trial. Thus, jurisdiction would lie in the circuit court, not with this court."
(Second emphasis added.)
The record contains no evidence that the appellant waived his right to a jury trial. Thus, jurisdiction does not lie with this court but with the circuit court. This appeal is dismissed and the case is remanded to the Circuit Court for Tuscaloosa County for that court to allow the appellant to proceed with his appeal for a trial de novo as is authorized by Rule 30.1, Ala.R.Crim.P.
MOTION GRANTED; APPEAL DISMISSED; CASE REMANDED.
All the Judges concur.
[1] Section 12-12-72 states, in part:
"Appeals shall be directly to the appropriate court if:
 "(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled there to. . . ."