The appellant, Conrad Michael Hill, purports to appeal from the district court's revocation of his probation.
The appellant pleaded guilty in district court to driving while under the influence of alcohol, a violation of §32-5A-191(a)(2), Ala. Code 1975. The district court sentenced him to six months' imprisonment; it then suspended the sentence and placed him on probation for one year. The appellant was ordered to pay a $500 fine plus court costs, to attend driving school, and to refrain from violating any city, county, state or federal ordinances during his probationary period.
The district court subsequently revoked the appellant's probation because he failed to pay his court costs and because he was arrested on a new charge of driving while under the influence.
The appellant apparently seeks to appeal the district court's ruling directly to this Court pursuant to Rule 30.2, Ala.R.Crim.P., rather than seek review by the circuit court. See McDaniel v. State, 397 So.2d 237 (Ala.Cr.App. 1981), cert. denied, Ex parte McDaniel, 397 So.2d 239 (Ala. 1981).
Rule 30.2, Ala.R.Crim.P., provides:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
In this case, neither of the above requirements were met. There is no transcript of the probation revocation hearing in the record. The record does not contain a stipulation of fact or a waiver of the right to a jury trial by the parties; the record does not contain a stipulation by the parties that only questions of law are involved nor does it contain a certified question by the district court. Although the appellant filed a motion with the district court requesting that it certify *Page 520 
that only questions of law were involved in the appeal, the district court never ruled on this motion.
Accordingly, because the requirements of Rule 30.2, Ala.R.Crim.P., were not met, this appeal is due to be dismissed. Brooks v. State, 668 So.2d 897 (Ala.Cr.App. 1995);Speer v. State, 651 So.2d 1157 (Ala.Cr.App. 1994).
APPEAL DISMISSED.
All the Judges concur.