John Bruce Stinson appeals from his conviction in Mobile District Court for driving under the influence of alcohol, a misdemeanor. See § 32-5A-191 (a)(1), Ala. Code 1975. However, we do not have jurisdiction over Stinson's appeal.
Rule 30.2, Ala.R.Crim.P., provides that an appeal may be taken directly from a district or municipal court to an appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
(Emphasis added.) See also §§ 12-12-72 and 12-12-70 (b) and (d), Ala. Code 1975.
Stinson appeals to this court pursuant to Rule 30.2 (1); however, he has failed to meet the requirements of the rule. "To proceed under Rule 30.2 (1), Ala.R.Crim.P., the appellant must waive his right to a jury trial in the circuit court." Lucas v.City of Tuscaloosa, 680 So.2d 1027, 1028 (Ala.Cr.App. 1996). Although Stinson has provided an adequate record of the proceedings in the district court, we have reviewed the record and can find no indication that Stinson waived his right to a jury trial in the circuit court. In Lucas, supra, the defendant appealed directly from a *Page 1112 
DUI conviction in the municipal court to this court; however, the record contained no evidence that the defendant had waived his right to a jury trial. Accordingly, we held that jurisdiction did not lie with this court but with the circuit court. Lucas, 680 So.2d at 1029.
On the authority of Lucas, Stinson's appeal to this court is dismissed; the Mobile Circuit Court should allow Stinson to proceed with his appeal for a trial de novo as provided by Rule 30.1, Ala.R.Crim.P.
APPEAL DISMISSED.
McMILLAN, COBB, and BASCHAB, JJ., concur.