The State, the appellee in this case, has filed a motion in this Court requesting that we dismiss the appeal filed by Edwardo Alexander Christ and Mary B. Christ from their convictions for criminal eavesdropping, a violation of § 13A-11-21, Alabama Code 1975. The State argues that the Christs' appeal should be dismissed because, it says, they have failed to comply with Rule 30.2, Ala.R.Crim.P., specifically, it argues, that the Christs did not waive their right to a jury trial in compliance with Rule 30.2(1).
Rule 30.2, Ala.R.Crim.P., states:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
See also § 12-12-72, Alabama Code 1975.[1]
The record does not contain any stipulation that the case involves only a question of law and the Christs have made no argument in their response to the State's motion to dismiss that they were proceeding under Rule 30.2(2). In response to the motion to dismiss, the Christs have filed affidavits with this Court in which they purport to now waive their right to a jury trial in the circuit court.
The question we are confronted with is whether a party appealing from a ruling by a municipal court or a district court pursuant to Rule 30.2 may validly waive the right to a jury trial after the transcript has been prepared and forwarded to this Court. To perfect an appeal from the district court or the municipal court to this Court the party appealing must comply with Rule 30.2. Cf. Ex parte City of Ft. Payne, 628 So.2d 1036
(Ala.Cr.App. 1993). Here, the Christs did not comply with Rule 30.2(1); thus, no waiver of the right to a jury trial is contained in the record on appeal.
As we noted in Ex parte Lord, 667 So.2d 164 (Ala.Cr.App. 1995), quoting B.T.D. v. T.L.C.H., 585 So.2d 96 (Ala.Civ.App. 1991), the waiver of the right to a jury trial must "`be made a part of the record on appeal.'" Motions and documents filed with this Court are not part of the "record on appeal" as that term is defined in Rule 10, Ala.R.App.P. The record on appeal includes the clerk's record, see Rule 10(c)(1), Ala.R.App.P., that includes photocopies of case summary sheets, papers, documents, written charges, and exhibits, etc., retained in the circuit court's clerk's office, and the reporter's transcript, see Rule *Page 509 
10(c)(2), Ala.R.App.P., that contains a transcript of the proceedings that occurred in circuit court. Although documents filed in this Court are part of this Court's records, they are not a part of the record on appeal. See Rule 10, Ala.R.App.P. As we stated inHenderson v. State, 733 So.2d 484 (Ala.Cr.App. 1998), "We note that the affidavit was never presented to the circuit court and that it is not a part of the record on the proceedings below or this record on appeal."
The State correctly points out that this case should not have been appealed directly to this Court. It should have been appealed to the Circuit Court for Butler County for a trial de novo. Therefore, we are transferring this case to the Circuit Court for Butler County to allow the Christs to proceed with a trial de novo.[2]
CASE TRANSFERRED TO CIRCUIT COURT.
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] This statute provides:
 "Appeals shall be directly to the appropriate appellate court if:
 "(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
 "(2) The parties stipulate that only questions of law are involved and the district court certifies the questions."
[2] We note that this Court may transfer the case to the Circuit Court for trial de novo because the notice of appeal was filed within 14 days as provided in Rule 30.3, Ala.R.Crim.P. *Page 510