PER CURIAM.
The appellant, Mark Strickland, was convicted in the district court of Houston County for possession of marijuana in the first degree. On December 20, 2001, Strickland was sentenced to 12 months in the county jail; that sentence was suspended and he was ordered to serve 10 days. He was also fined $500. On De *787 cember 21, 2001, Strickland filed a notice of appeal to this Court. The docketing statement and the reporter’s transcript order, forms that accompanied Strickland’s notice of appeal, indicated that no court reporter was present at the district court proceedings. On January 9, 2002, we issued an order directing the appellant to comply with Rule 30.2, Ala.R.Crim.P. On January 24, 2002, a record was filed in this Court. The record contained a statement by the district court judge that, to the best of his knowledge, the transcript was accurate. On January 28, 2002, we issued an order again directing the appellant to comply with Rule 30.2. If he did not comply, we stated, we would transfer the case to the circuit court for a trial de novo. On February 6, 2002, the appellant filed a motion to reconsider our January 28, 2002, order.
Strickland argues that the audiotape recording and the transcript of the audiotape constitutes an adequate record, as that term is used in Rule 30.2. The audiotape was transcribed by a person employed by Strickland — a person not present at the district court proceedings. Rule 30.2, Ala.R.Crim.P., states:
“An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
“(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”[1]
The above provisions must be satisfied before this Court acquires jurisdiction of an appeal from a district or municipal court. See Lucas v. City of Tuscaloosa, 680 So.2d 1027 (Ala.Crim.App.1996).
Strickland’s notice of appeal to this Court states the following:
“Comes now the Defendant, pursuant to Ala.R.Crim.P. 30.2, and appeals to the Court of Criminal Appeals from the judgment of the District Court dated December 20, 2001, finding him guilty of possession of marijuana. The Defendant is preparing a transcript of a tape recording of the trial to serve as the record on appeal. The Defendant hereby waives the right to a jury trial.... ”
(Emphasis added.) Also contained in the record is a document entitled “Statement of Evidence.” Attached to this document is what appears to be a transcribed list of questions and answers. On the bottom of the document the trial court has handwritten, “To the best of my knowledge and belief, the attached transcript is true and correct.” The “transcript” does not identify any witness by name but refers to them only as “witness.” Neither is the person who transcribed the tape recording identified anywhere in the record. It is clear that the tape was transcribed by a person employed by Strickland — this is indicated on Strickland’s notice of appeal.
This case is factually similar to Ex parte French, 547 So.2d 547 (Ala.1989). In French, the petitioner filed an action in the district court alleging breach of contract. The district court ruled against French; he appealed de novo to the circuit court. The circuit court considered the transcript of the district court proceedings — those proceedings were transcribed not by an official court reporter but by a court reporter employed by French. The Court of Civil Appeals affirmed the circuit court’s *788 ruling. However, the Supreme Court reversed, stating:
“We affirm the holdings in Olds [v. Powell, 10 Ala. 393 (1846) ], Degg [v. State, 150 Ala. 3, 43 So. 484 (1907)], Woods [v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681 (1920)], and Middleton [v. Hartford Accident & Indem. Co., 119 F.2d 721 (5th Cir.1941) ], and hold that an unofficial transcript, prepared by a person not duly appointed as an official court reporter pursuant to the provisions of Ala.Code 1975, §§ 12-17-270 through -277, or approved by the adverse party or parties, is inadmissible in a subsequent trial. The appointment by the court of an official reporter, § 12-17-270, and the oath taken by the reporter, § 12-17-273, serve as protections to both parties, ensuring the accuracy and impartiality of the reporting. On the other hand, a transcript by a reporter hired and paid by one party has no such guarantee of authenticity, and the opposing party is provided no protection from possible errors or even fraud.”
547 So.2d at 549.
In Ex parte Burnsed, [Ms. 1990792, March 2, 2001] — So.2d-(Ala.2001), the Alabama Supreme Court narrowed its holding in French to apply to only district court cases. The Supreme Court held in Bumsed that because a municipal court is not a court of record, “Burnsed’s failure ‘to show that the transcript in question was prepared by a person duly appointed by the trial court to serve as an official court reporter’ did not constitute a ground for the dismissal of Burnsed’s appeal.” -— So.2d at-.
Also, in Ex parte Maye, 799 So.2d 944 (Ala.2001), the Alabama Supreme Court issued a writ of mandamus ordering a circuit court judge to allow a defendant to hire a court reporter to record proceedings in the municipal court. The Court noted, “any appearance of impropriety or impartiality which may exist because a court reporter is hired by one party only can be eliminated by administering an oath to the court reporter. § 12-17-273, Ala.Code 1975.” 799 So.2d at 948.
This Court is aware of no case where the appellate courts of this State have approved of the use of a transcript made from a tape recording and transcribed by one of the parties.
The Alabama Supreme Court has held that a district court is a court of record. In Bumsed, the court stated:
“Section 12-17-1 et seq., [Ala.Code 1975,] including in particular § 12-17-270 (which authorizes the appointment by the court of an official court reporter) apply in circuit court and district court only.... [A] defendant who demands a court reporter is entitled to one in the circuit court or the district court, § 12-17-270, Marquis v. State, 439 So.2d 197 (Ala.Crim.App.1983), and Ex parte White, 403 So.2d 292 (Ala.1981)....”
— So.2d at-.
Pursuant to Bumsed, Strickland should have requested a court reporter. Had he done so, an official court reporter would have been provided to him to report the proceedings in the district court. There is no indication in the record that Strickland requested a court reporter.
The facts presented in this case are squarely on point with those presented to the Alabama Supreme Court in French. The holding in French dictates the result in this case. There is no adequate record from which this Court can obtain jurisdiction of this case. See Rule 30.2(a), Ala. R.Crim.P. Here, Strickland’s docketing statement reflects that the issue he wishes to raise on appeal is whether the district court erred in denying his motion for a judgment of acquittal. Clearly, the record *789 furnished to this Court is not adequate to consider this question.
The appellant has failed to comply with Rule 30.2; therefore, this case is due to be, and is hereby, transferred to the circuit court of Houston County for a trial de novo.[2]
TRANSFERRED TO CIRCUIT COURT FOR TRIAL DE NOVO.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. There is no question that the other provisions in Rule 30.2 do not apply in this case. We twice allowed the appellant to comply with the provisions in Rule 30.2; the appellant's only response was that the record was adequate.

. Strickland filed his notice of appeal the day after he was sentenced in the district court. This was within the time allowed to appeal his ruling to the circuit court for a trial de novo. See Rule 30.1(a), Ala.R.Crim.P.