COBB, Judge.
On January 12, 2001, Gerald P. Scrushy was charged by complaint with harassment, a violation of § 13A-ll-8(a)(l), .Ala. Code 1975, and assault in the third degree, a violation of § 13A-6-22, Ala.Code 1975. Both cases were heard in Dallas County District Court. On July 13, 2001, Scrushy was convicted of both offenses. In the harassment case, Scrushy was fined $500 and was sentenced to 90 days in the city jail. That sentence was suspended, and Scrushy was placed on 36 months’ probation. In the assault case, Scrushy was fined $2,000 and was sentenced to 12 months in the city jail. That sentence was also suspended, and Scrushy was placed on 36 months’ probation. This appeal followed.
As best as we can ascertain from the case action summary sheets in the two cases, the procedural history of both cases is as follows. On February 22, 2001, the assault case was continued to March 12, 2001.[1] On March 12, 2001, both cases *150 were continued to April 9, 2001; On April 9, both cases were continued to April 24, 2001. On May 31, both cases were continued to June 26, 2001.’ On June 26, the harassment case was continued to July 30, 2001.[2] On July 12, 2001, the State filed the following “motion to render judgment”:
“1. The victim, Wilbur Moultrie’s evidence was heard by the Court on 9th day of April, 2001.
“2. After several continuances, the court set the day for hearing the testimony of the defendant on June 28, 2001.
“3. Counsel for the defendant was present, but neither the defendant [nor] his witnesses appeared in court;
“4. The Court allowed Defendant’s counsel ten (10) days to file a brief. To-date, no brief has been filed and time for filing has passed.
“WHEREFORE, the State of Alabama, by and through counsel, moves this Court to find Gerald P. Scrushy guilty of Assault 3rd based on clear and convincing evidence of Defendant’s assault on the person of Wilbur Moultrie.”
(C. 18.)[3] On July 13, 2001, the trial court granted the motion and entered judgments on both charges. On July 27, 2001, Scrushy filed, a notice of appeal to this Court. On that same day, he submitted a proposed “Stipulation of Facts.” (C. 23.) On August 17, 2001, the trial court denied Scrushy’s proposed stipulation of facts by the following order: “After review of defendant’s Stipulation of Facts and having considered same, accordingly the Stipulation is hereby DENIED as the record speaks for itself.” (C. 29.)
On appeal, Scrushy argues:
“The granting of the State’s motion to render judgment against [him], and the entry of judgment against him, in his absence, without notice, and in advance of the trial date, violated [his] rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901; and violated his rights under the public trial and confrontation clauses of the Sixth Amendment to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901.”
(Scrushy’s brief, p. 6.)
An appeal directly from district court to this Court must,be perfected in accordance with Rule 30.2, Ala. R.Crim. P. See, Christ v. State, 771 So.2d 507, 508 (Ala.Crim.App.2000). Rule 30.2 provides for an appeal from the district court or the municipal court directly to this Court only if one of the following conditions is met:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties' entitled to trial by jury, or
“(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”
Neither of these requirements has been met in these cases.
In the notice of appeal that Scrushy filed, he indicated that “[a]n adequate record or stipulation of fact is available and all parties entitled to jury trial have waived their right to trial by jury.” (C. 20.) This assertion, however, is not supported by the record. Although Scrushy submitted a proposed stipulation of facts, the State did not agree to this proposed *151 stipulation, and the trial court denied the stipulation.
Additionally, we cannot say that the record before us is in fact adequate to meet the requirements of Rule 30.2(1), Ala. R.Crim. P. There is no transcript in the record of any of the district court proceedings. The State’s July 13, 2001, motion to render judgment stated that the trial of Scrush/s cases had been set for June 28, 2001. However, neither case action summary indicated any proceedings on June 28. The State’s motion also indicated that the trial court had given Scrushy 10 days to file a brief, but nothing in the record supports this assertion. These and other inconsistencies in the record render the record before us inadequate to meet the requirements of Rule 30.2(1), Ala. R.Crim. P.
Because Scrushy failed to meet the requirements of Rule 30.2, Ala. R.Crim. P., jurisdiction lies with the circuit court, not this Court. Therefore, this appeal is not properly before this Court, and it is due to be dismissed. Hill v. State, 710 So.2d 519 (Ala.Crim.App.1997); Brooks v. State, 668 So.2d 897 (Ala.Crim.App.1995).
In accordance with Lucas v. City of Tuscaloosa, 680 So.2d 1027 (Ala.Crim.App.1996), and Stinson v. State, 741 So.2d 1111 (Ala.Crim.App.1999), this appeal is dismissed and the cases are remanded to the Circuit Court of Dallas County for that court to allow Scrushy to proceed with his appeal for a trial de novo as is authorized by Rule 30.1, Ala. R.Crim. P.
In dismissing this appeal, we note the district court improperly sentenced Scrushy to 36 months on probation on each conviction. Harassment is a Class C misdemeanor and assault in the third degree is a Class A misdemeanor. Section 15-22-54(a), Ala.Code 1975, provides that “in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years.” If, after the circuit court conducts a trial de novo, Scrushy is found guilty of one or both of the charged offenses, that court should take care to properly sentence Scrushy within the applicable statutory ranges.
APPEAL DISMISSED; CASES REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. The case action summary for the harassment case does not have an entry on February 22,2001.

. The case action summary for the assault case does not have an entry on June 26, 2001.

. This motion referenced only the assault case number and asked the trial court to find Scrushy guilty only of assault.