WISE, Judge.
The appellant, Richard Bernard Smith, purports to appeal from the district court’s revocation of his probation.
The record reveals that on January 22, 2002, Smith was convicted of obstruction of justice by using a false identity, a violation of § 13A-8-194, Ala.Code 1975. He was sentenced to imprisonment for one year and a day; however, the district court ordered that the sentence be suspended, and Smith’s sentence was split to time served, followed by three years’ supervised probation. Smith was also ordered to pay *1190 a $50 assessment to the crime victims compensation fund.
On September 17, 2002, the district court revoked Smith’s probation, finding that Smith had violated one of the terms of his probation, namely, the condition that he not commit any new criminal offenses. The court found probable cause that Smith had committed two new felony offenses. On September 20, 2002, Smith filed a notice of appeal with the district court clerk, and on September 24, 2002, he filed a notice of appeal with this Court.
We are not able to review the district court’s revocation of Smith’s probation because this matter is not properly before us. A district court’s order of probation revocation may be reviewed in one of two ways: (1) by the filing of a petition for writ of certiorari in the circuit court, see Stokley v. State, 709 So.2d 84, 85 (Ala. Crim.App.1997); or (2) by direct appeal to this Court, as provided for in Rule 30.2, Ala.R.Crim.P.
Rule 30.2, Ala.R.Crim.P., provides:
“An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or ■
“(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”
See also § 12-12-72, Ala.Code 1975.
In this ease, neither of the above requirements was met. There is no transcript of the probation revocation hearing in the record, and the record does not contain a stipulation of fact by the parties.[1] Likewise, the record does not contain a stipulation by the parties that only questions of law are involved and it does not contain a question certified by the district court. Because Smith failed to meet the requirements of Rule 30.2, Ala.R.Crim.P., jurisdiction lies with the circuit court, not with this Court. Accordingly, this appeal is not properly before this Court, and it is due to be dismissed. See Scrushy v. State, 834 So.2d 149 (Ala.Crim.App.2002); Hill v. State, 710 So.2d 519 (Ala.Crim.App.1997); Brooks v. State, 668 So.2d 897 (Ala.Crim.App.1995).
Based on the foregoing, Smith’s appeal is dismissed. However, in accordance with Stinson v. State, 741 So.2d 1111 (Ala.Crim. App.1999), and Lucas v. City of Tuscaloosa, 680 So.2d 1027 (Ala.Crim.App.1996), Smith’s case should be transferred to the Circuit Court of Jefferson County for that court to allow Smith to proceed with his petition for a writ of certiorari. The circuit court should conduct a certiorari review of the district court’s revocation of Smith’s probation. If, after the appropriate review, the circuit court finds that the district court’s action was proper, then it may “affirm” the action of the trial court. See Stokley v. State, 709 So.2d at 85.
APPEAL DISMISSED.
McMILLAN, p.j., and COBB, BASCHAB, and SHAW, JJ., concur.

. Because Smith was not entitled to a jury trial, no waiver of his right to a jury trial was necessary.