COBB, Chief Justice.
On February 20, 2009, this Court granted Gary Cowley’s petition for a writ of certiorari to review the Court of Criminal Appeals’ dismissal of his appeal. Cowley was convicted, pursuant to Trussville municipal ordinance no. 236, on September 4, 2007, in the Trussville Municipal Court of driving under the influence, a violation of Ala.Code 1975, § 32-5A-191(a)(3). He was sentenced to 30 days in jail and fined. On September 18, 2007, pursuant to Rule 20.3, Ala. R.Crim. P., Cowley filed a post-judgment motion seeking to vacate his conviction, which the municipal court denied that same day. On October 5, 2007, Cowley filed a notice of appeal to the Court of Criminal Appeals.
The Court of Criminal Appeals dismissed Cowley’s appeal with an order. Cowley v. City of Trussville (No. CR-07-0099, August 12, 2008), 27 So.3d 626 (Ala.Crim.App.2008) (table). In pertinent part, that order states:
“We have reviewed the record and find that Cowley failed to comply with Rule 30.2, Ala. R.Crim. P., in appealing to this Court. That rule provides:
*1198 “‘An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“ ‘(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
“ ‘(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.’
“Cowley’s appeal in this case is pursuant to subsection (1) of Rule 30.2, and there is an adequate record for review; a transcript of the municipal court trial is contained in the record on appeal. However, the record does not contain a waiver of Cowley’s right to a jury trial. It is well settled that ‘the waiver of the right to a jury trial must “ ‘be made a part of the record on appeal.’ ” ’ Christ v. State, 771 So.2d 507, 508 (Ala.Crim.App.2000), quoting Ex parte Lord, 667 So.2d 164, 166 (Ala.Crim.App.1995), quoting in turn, B.T.D. v. T.L.C.H., 585 So.2d 96, 97 (Ala.Civ.App.1991). Because Cowley failed to comply with Rule 30.2(1) in appealing to this Court, we have no choice but to dismiss this appeal. We note that this Court cannot transfer this case to the circuit court for a trial de novo because Cowley’s notice of appeal was filed 17 days after his postjudgment motion was denied, and Rule 30.1(a) and Rule 30.3(a), Ala. R.Crim. P., require that a notice of appeal from a district or municipal court to the circuit court for a trial de novo be filed within 14 days of the pronouncement of sentence or the denial of a postjudgment motion, whichever is later.
“Accordingly, the Court of Criminal Appeals ORDERS that this appeal is due to be, and is hereby, DISMISSED.”
(Capitalization in original.)
We granted Cowley’s petition to consider whether his action in permitting the period for seeking a trial de novo in the circuit court to expire was a sufficient waiver of his right to a jury trial to perfect his appeal directly to the Court of Criminal Appeals. Because the decision of the Court of Criminal Appeals to dismiss Cowley’s appeal presents a question of law, we review it de novo. Ex parte Key, 890 So.2d 1056 (Ala.2003); State v. Hill, 690 So.2d 1201 (Ala.1996); and State v. Otwell, 733 So.2d 950 (Ala.Crim.App.1999). As noted in the above order, Cowley’s appeal is pursuant to Rule 30.2(1), Ala. R.Crim. P., which states:
“An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury.... ”
Cowley’s right to seek a jury trial in the circuit court lapsed 14 days after his post-judgment motion was denied. See Rules 30.1(a)[1] and 30.3(a),[2] Ala. R.Crim. P. Rule 18.1(b)(2), Ala. R.Crim. P., states, in pertinent part: “Failure of a defendant to make *1199 a timely demand for trial by jury shall be deemed to be a waiver by the defendant of his or her right to trial by jury.”
Therefore, Cowley’s failure to timely demand a jury trial in the circuit court constitutes an effective waiver of his right to trial by jury. Alabama precedent establishes that many significant rights may be waived by failing to either timely or properly assert them. See, e.g., Martin v. Drummond Co., 663 So.2d 937 (Ala.1995) (failure to assert constitutional rights constitutes a waiver of those rights); Upshaw v. State, 992 So.2d 57 (Ala.Crim.App.2007) (the right to self-representation is waived by failing to assert it in a timely manner). Accordingly, we consider whether the fact that the record shows that Cowley did not seek a jury trial within the 14-day period provided by Rule 18.1(b)(2) establishes his waiver of that right on the record for purposes of Rule 30.2(1). Cowley argues that his action in not asserting his right to a jury trial pursuant to Rule 30.2(1) is properly viewed as an intentional and affirmative waiver of that right.
“ ‘Waiver is defined as the voluntary surrender or relinquishment of some known right, benefit, or advantage. City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967). However, it is well established that a party’s intention to waive a right is to be ascertained from the external acts manifesting the waiver. Givens v. General Motors Acceptance Corp., 56 Ala.App. 561, 324 So.2d 277 (1975). This intention to waive a right may be found where one’s course of conduct indicates the same or is inconsistent with any other intention.’ ”
Stewart v. Bradley, 15 So.3d 533, 543 (Ala.Civ.App.2008) (quoting Waters v. Taylor, 527 So.2d 139, 141 (Ala.Civ.App.1988)). In this case, Cowley argues that his conduct in not seeking a trial de novo in the circuit court shows that he sought to have his case reviewed directly on appeal by the Court of Criminal Appeals without seeking a jury trial in the circuit court.
A determination that the record affirmatively reflects Cowley’s waiver of a jury trial finds strong support in the proper construction of the applicable rules. Rules 30.1 and 30.2, Ala. R.Crim. P., clearly give a criminal defendant the option of taking his ease either to the circuit court or to the appropriate court of appeals. We conclude that it is not appropriate to construe Rule 30.2 so as to require a particular “type” of waiver, otherwise unspecified in the rule, with the result of depriving Cowley of his right to appeal. It is long settled that rules of procedure are properly construed so as to allow the court to reach the merits of the issues. See, e.g., Roberson v. Roberson, 232 Ala. 647, 648, 169 So. 292, 294 (1936) (“While we cannot disregard fixed rules for court procedure, they should be so administered as to promote, rather than hinder, trials on their merits where this may be done without doing violence to them.”).
More recently, this policy is exemplified in Rule 1.2, Ala. R.Crim. P., which provides, in pertinent part:
“These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”
(Emphasis added.)
The respondent, the City of Trussville (hereinafter “the City”), argues that because Cowley failed to present some further indicia of his waiver of his right to a jury trial, other than simply allowing the *1200 14-day period in Rule 18.1(b)(2) for taking an appeal to the circuit court to lapse, Cowley’s appeal was correctly dismissed. In this assertion, the City relies on four cases, Christ v. State, 771 So.2d 507 (Ala.Crim.App.2000), Lucas v. City of Tuscaloosa, 680 So.2d 1027 (Ala.Crim.App.1996), Stinson v. State, 741 So.2d 1111 (Ala.Crim.App.1999), and B.T.D. v. T.L.C.H., 585 So.2d 96 (Ala.Civ.App.1991). In each of these cases, the litigants filed appeals directly to the court of appeals within the 14-day period required by Rule 30.1(a) but failed to accompany those appeals with any indication of a waiver of a jury trial. That is, in each of these cases, the litigant attempted to appeal to the court of appeals without making any affirmative showing that he had waived his right to a jury trial. This is not Cowley’s situation. In this case, the record affirmatively shows that Cowley waived his right to a jury trial, pursuant to Rule 18.1(b)(2), and by permitting the lapse of the 14-day period prescribed in Rule 30.1(a) in which to appeal for a trial de novo in the circuit court, before seeking his appeal to the Court of Criminal Appeals.
The City also cites five other cases in an attempt to support its argument that Cowley’s failure to comply with Rule 30.2(1) strips the Court of Criminal Appeals of jurisdiction over the matter. Strickland v. State, 829 So.2d 786 (Ala.Crim.App.2002), Hill v. State, 710 So.2d 519 (Ala.Crim.App.1997), Brooks v. State, 668 So.2d 897 (Ala.Crim.App.1995), Speer v. State, 651 So.2d 1157 (Ala.Crim.App.1994), and Parker v. City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App.1997). Hill, Brooks, and Speer deal with litigants whose appeals posed questions of facts and therefore did not come within Rule 30.2(2).[3] In Strickland and Parker, the defendants did not have court reporters transcribe the proceedings and therefore failed to satisfy the requirement of Rule 30.2(1) that an adequate record be available. None of these cases has application to this case, where Cowley’s direct appeal to the Court of Criminal Appeals was made after his waiver of a jury trial pursuant to Rule 18.1(b)(2).
Accordingly, we conclude that Cowley’s action in permitting the 14-day period in Rule 18.1(b)(2) to lapse and therefore waiving his right to a jury trial was a sufficient indication on the record to satisfy the waiver requirement of Rule 30.2(1). The judgment of the Court of Criminal Appeals is therefore reversed and the cause is remanded for that court to consider Cowley’s appeal.
REVERSED AND REMANDED. *
LYONS, WOODALL, SMITH, PARKER, and MURDOCK, JJ., concur.
STUART and BOLIN, JJ., dissent.
SHAW, J., recuses himself.**

. Rule 30.1(a) provides:
“A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.”

. Rule 30.3(a) provides:
"A defendant may appeal from a final judgment in a criminal case entered by a municipal or a district court for trial de novo in the circuit court by filing with the clerk of the municipal or the district court a written notice of appeal within fourteen (14) days from the date of pronouncement of sentence or the date of denial of a timely filed posttrial motion, whichever is later."

. Rule 30.2(2) provides: "An appeal from district or municipal court shall go directly to the appropriate appellate court: ... (2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”

 Note from the reporter of decisions: On March 12, 2010, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.