ROBERTSON, Judge.
This case comes to us on a petition for writ of mandamus.
At a retrial on the merits of petitioner’s divorce case, petitioner engaged a private *395 court reporter to record the trial proceedings and prepare the transcript. The trial court, being aware of the recent case of Ex parte French, 547 So.2d 547 (Ala.1989), pointed out that the employment of such a reporter could affect the later utility of the transcript.
French, provides, in pertinent part, as follows:
“We ... hold that an unofficial transcript, prepared by a person not duly appointed as an official court reporter, pursuant to the provisions of Ala.Code 1975, §§ 12-17-270 through -277, or approved by the adverse party or parties, is inadmissible in a subsequent trial. The appointment by the court of an official reporter, § 12-17-270, and the oath taken by the reporter, § 12-17-273, serve as protections to both parties, ensuring the accuracy and impartiality of the reporting. On the other hand, a transcript by a reporter hired and paid by one party has no such guarantee of authenticity, and the opposing party is provided no protection from possible error or even fraud.”
After the court made counsel for both parties aware of the implications of French, petitioner’s attorney requested that the court appoint her privately engaged reporter as an official court reporter for the trial of the case. Petitioner agreed to pay for the expense of the reporter.
The circuit judge, however, refused to appoint the reporter, finding that he lacked the authority to make such an appointment.
Petitioner requests this court to grant the writ of mandamus and direct the circuit judge to appoint the reporter as the official reporter for the trial of this case.
We deny the writ. Mandamus is an extraordinary writ that should be issued only if a clear showing is made that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte CSX Transportation, Inc., 533 So.2d 613 (Ala.Civ.App.1987). Further, for us to grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested. Ex parte Hill, 508 So.2d 269 (Ala.Civ.App.1987).
In this case, we fail to find ironclad allegations showing that the law binds the circuit judge to what the petitioner has requested. In fact, none of the statutory provisions setting out the procedure by which court reporters are appointed allows the circuit judge in this case to appoint an official court reporter.
Pursuant to § 12-17-270, Code 1975, “[e]ach shall appoint a competent person to perform the duties of official court reporter of the courts in the circuit over which said judge presides.” However, that section also provides: “The provisions of this section shall not apply to circuits which consist of only one county and have three or more than three judges.”
This case comes from the Tenth Judicial Circuit, which consists of only one county and has more than three judges. Consequently, the judge in this case has no authority to appoint a reporter under § 12-17-270.
Each of the other statutory provisions which deal with court reporters, as well as Rule 12, Alabama Rules of Judicial Administration, requires approval for appointment from the Administrative Director of Courts.
Both petitioner and respondent have requested this court, given the present state of the law, to set out the appropriate procedure for appointment of an official court reporter in a civil action in the Tenth Judicial Circuit.
Rulemaking authority lies not with this court but with the supreme court. § 12-2-7(4), Code 1975. Consequently, we can only direct both parties to Rule 12, Alabama Rules of Judicial Administration.
Also, we point out the review procedure in a case such as this one. Rule 21(e)(1), Alabama Rules of Appellate Procedure, provides:
“A decision of a court of appeals on an original petition for writ of mandamus *396 ... may be reviewed de novo in the supreme court, and an application for rehearing in the court of appeals is not a prerequisite for such review.”
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur.