This is a petition for writ of mandamus filed by Deborah Hooks Hudson, seeking a review de novo[1] pursuant to Rule 21(e)(1), A.R.App.P., which provides, in pertinent part, as follows:
 "A decision of a court of appeals on an original petition for writ of mandamus . . . may be reviewed de novo in the Supreme Court, and an application for rehearing in the Court of Appeals is not a prerequisite for such review. If an original petition for extraordinary relief has been denied by the Court of Appeals, *Page 249 
review may be had by filing a similar petition in the Supreme Court (and, in such a case, in the Supreme Court the petition shall seek a writ directed to the trial judge)."
The issue before us is whether the trial court correctly held that it had no authority to appoint the private court reporter proffered by Ms. Hudson as the official court reporter.
Ms. Hudson had previously filed a similar petition in the Court of Civil Appeals. After thoroughly reviewing the briefs and the arguments of both parties, we are persuaded that the Court of Civil Appeals' opinion issued regarding that petition correctly states the applicable law:
 "At a retrial on the merits of [Ms. Hudson's] divorce case, [Ms. Hudson] engaged a private court reporter to record the trial proceedings and prepare the transcript. The trial court, being aware of the recent case of Ex parte French, 547 So.2d 547 (Ala. 1989), pointed out that the employment of such a reporter could affect the later utility of the transcript.
"French provides, in pertinent part, as follows:
 " 'We . . . hold that an unofficial transcript, prepared by a person not duly appointed as an official court reporter, pursuant to the provisions of Ala. Code 1975, §§ 12-17-270 through -277, or approved by the adverse party or parties, is inadmissible in a subsequent trial. The appointment by the court of an official reporter, § 12-17-270, and the oath taken by the reporter, § 12-17-273, serve as protections to both parties, ensuring the accuracy and impartiality of the reporting. On the other hand, a transcript by a reporter hired and paid by one party has no such guarantee of authenticity, and the opposing party is provided no protection from possible error or even fraud.'
 "After the court made counsel for both parties aware of the implications of French, [Ms. Hudson's] attorney requested that the court appoint her privately engaged reporter as an official court reporter for the trial of the case. [Ms. Hudson] agreed to pay for the expense of the reporter.
 "The circuit judge, however, refused to appoint the reporter, finding that he lacked the authority to make such an appointment.
 "[Ms. Hudson] requests this court to grant the writ of mandamus and direct the circuit judge to appoint the reporter as the official reporter for the trial of this case.
 "We deny the writ. Mandamus is an extraordinary writ that should be issued only if a clear showing is made that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte CSX Transportation, Inc., 533 So.2d 613 (Ala.Civ.App. 1987). Further, for us to grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested. Ex parte Hill, 508 So.2d 269
(Ala.Civ.App. 1987).
 "In this case, we fail to find ironclad allegations showing that the law binds the circuit judge to [do] what [Ms. Hudson] has requested. In fact, none of the statutory provisions setting out the procedure by which court reporters are appointed allows the circuit judge in this case to appoint an official court reporter.
 "Pursuant to § 12-17-270, Code 1975, '[e]ach of the judges of the circuit courts of this state shall appoint a competent person to perform the duties of official court reporter of the courts in the circuit over which said judge presides.' However, that section also provides: 'The provisions of this section shall not apply to circuits which consist of only one county and have three or more than three judges.'
 "This case comes from the Tenth Judicial Circuit which consists of only one county and has more than three judges. Consequently, the judge in this case has no authority to appoint a reporter under § 12-17-270. *Page 250 
 "Each of the other statutory provisions which deal with court reporters, as well as Rule 12, Alabama Rules of Judicial Administration, requires approval for appointment from the Administrative Director of Courts."
558 So.2d 394 at 394-95. (Emphasis added.)
Mandamus is a drastic and extraordinary writ to be issued only where there is a clear, legal right in the petitioner to the order sought; only where there is an imperative duty upon the respondent to perform, accompanied by refusal to do so; only where there is a lack of another adequate remedy; and only where there is properly invoked jurisdiction of the court.Ex parte Army Aviation Center Federal Credit Union,477 So.2d 379 (Ala. 1985).
In the case at bar, absent consent by both parties that the trial court appoint an official court reporter (see Ex parteFrench, 547 So.2d 547 (Ala. 1989)), counsel for Ms. Hudson could have requested that the trial court recommend to and seek approval from the administrative director of courts according to §§ 12-17-271, 12-17-272, and Rule 12, A.R.J.A. Failing to take these steps precludes Ms. Hudson from being heard to complain that the trial court erroneously held that it had no authority to appoint the proffered private reporter as the official court reporter regardless of the expense involved.
Based on the foregoing, we hold that, because Ms. Hudson has no clear, legal right to the order sought, the trial court did not abuse its discretion in holding that it had no statutory authority to appoint the private court reporter proffered by Ms. Hudson to serve as the official court reporter. Therefore, we deny the petition for writ of mandamus.
WRIT DENIED.
JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Ms. Hudson previously filed a petition for mandamus on the same issue in the Court of Civil Appeals, which denied the petition. See Ex parte Hudson, 558 So.2d 394
(Ala.Civ.App. 1990).