603 So.2d 1131 (1992)
STATE
v.
William L. MANGON.
CR 91-1094.
Court of Criminal Appeals of Alabama.
August 21, 1992.
*1132 James H. Evans, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellant.
David P. Shepherd, Fairhope, for appellee.
BOWEN, Judge.
This is an appeal by the district attorney from the order of the district court granting the defendant's motion to suppress in a prosecution for adultery.
Pretrial appeals by the State are governed by Rule 15.7, A.R.Crim.P. Although the district attorney gave oral notice of appeal at the time of court's order, Rule 15.7 does not authorize oral notice of appeal. In addition, the district attorney has never certified that "the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge" as required by Rule 15.7(a).
Moreover, the district attorney filed the written notice of appeal 59 days after the order granting the motion to suppress. Under Rule 15.7(b), the notice of appeal must be filed within seven days after the filing of the order granting the motion to suppress. The district attorney's motion to correct the record filed 48 days after the motion to suppress was granted clearly did not suspend or extend the time for filing notice of appeal. See State v. Reiner, 530 So.2d 903 (Ala.Cr.App.1988). "Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed." Woods v. State, 371 So.2d 944, 945 (Ala.1979).
Apparently, the district attorney is attempting to appeal from the district court to this Court pursuant to Ala.Code 1975, § 12-12-72(2), which authorizes an appeal from district court directly to an appellate court when "[t]he parties stipulate that only questions of law are involved and the district court certifies the questions."
"There is no inherent or inalienable right of appeal.... The state cannot appeal except upon statutory authority." State v. Gautney, 344 So.2d 232, 233 (Ala.Cr.App. 1977). Section 12-12-72 does not give any party the right to appeal but, as stated in the title to that section, only provides "[w]hen appeals may be taken directly to [an] appellate court[]."
The defendant's motion to dismiss this appeal must be granted. The dismissal of this appeal should in no way be construed as an affirmation of propriety of the decision of the district court in granting the motion to suppress.
APPEAL DISMISSED.
All Judges concur.