The appellant, Shaun Parker, appeared in the Tuscaloosa Municipal Court on a charge of driving while under the influence of alcohol. *Page 1172 
He hired a court reporter to transcribe the hearing and had that reporter present in court on the date his case was scheduled to be heard. The city prosecutor objected to the court reporter being present for any purpose other than the appellant's attorney's own use. The judge sustained the prosecutor's objection and granted the appellant's motion for a continuance so that he could petition the circuit court for relief from that ruling. The appellant petitioned the circuit court for a writ of mandamus directing the municipal court to allow him to have his own court reporter present to prepare a record of the municipal court hearing for purposes of a direct appeal to this court pursuant to Rule 30.2, Ala. R.Crim. P. In the alternative, the appellant asked the circuit court to direct the municipal court to provide, at the City's expense, a court reporter whose transcript could be used for purposes of a direct appeal to this court. The circuit court denied the appellant's petition for writ of mandamus, and this appeal ensued.
 I
The Supreme Court of Alabama has explained the circumstances under which a writ of mandamus should be issued as follows:
 "Mandamus is a drastic and extraordinary writ to be issued only where there is a clear, legal right in the petitioner to the order sought; only where there is an imperative duty upon the respondent to perform, accompanied by refusal to do so; only where there is a lack of another adequate remedy; and only where there is properly invoked jurisdiction of the court."
Ex parte Hudson, 562 So.2d 248, 250 (Ala. 1990). The determination of whether to grant or deny a petition for a writ of mandamus lies within the discretion of the deciding court.Ex parte DCH Regional Medical Center, 683 So.2d 409 (Ala. 1996). In reviewing the denial of the appellant's petition for a writ of mandamus, we must determine whether the circuit court clearly abused its discretion. Ex parte State Department ofHuman Resources, 674 So.2d 1274 (Ala.Civ.App. 1995).
 II
The appellant asserts that every criminal defendant has a right to appeal a conviction from the municipal court to this court and, in support thereof, cites Cunningham v. State,611 So.2d 510 (Ala.Cr.App. 1992). In Cunningham, this court stated that "every criminal defendant has a right to appeal his conviction to this court." Id. at 511. We did not hold inCunningham, as the appellant incorrectly asserts, that a criminal defendant has a right to appeal a conviction from amunicipal court directly to this court. Furthermore, the rule governing direct appeals from municipal courts to this court does not provide such a right. Rule 30.2, Ala. R.Crim. P., provides as follows:
 "An appeal from the district or municipal court shall go directly to the appropriate appellate court:
 "(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to a trial by jury, or
 "(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
Rule 30.2 tracks the language of § 12-12-72, Ala. Code 1975, which provides as follows:
 "Appeals shall be directly to the appropriate appellate court if:
 "(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
 "(2) The parties stipulate that only questions of law are involved and the district court certifies the questions."
We have previously held that § 12-12-72 does not give any party the right to appeal directly from the district court to this court. State v. Mangon, 603 So.2d 1131 (Ala.Cr.App. 1992). Rather, that section states the circumstances under which a party may appeal directly to this court. Id. Because the provisions of Rule 30.2 and § 12-12-72 are virtually identical, we hold that Rule 30.2 does not give any party theright to appeal directly from a municipal court to this court. It simply provides that a party may appeal *Page 1173 
directly to this court if certain conditions are satisfied. If those conditions are not met, then a direct appeal is improper and is due to be dismissed. Lucas v. City ofTuscaloosa, 680 So.2d 1027 (Ala.Cr.App. 1996); Brooks v. State,668 So.2d 897 (Ala.Cr.App. 1995); Speer v. State, 651 So.2d 1157
(Ala.Cr.App. 1994). Thus, the appellant's argument that he has a right to appeal directly to this court is without merit.
In addition, the appellant has not shown that he has a right to the relief sought. Municipal courts are not courts of record. Ex parte Town of Gulf Shores, 412 So.2d 1259
(Ala.Cr.App. 1982). As we explain in Part III of this opinion, the Code provisions concerning official court reporters make no mention of court reporters in municipal courts. Furthermore, the Code provisions relating to municipal courts do not mention court reporters. See §§ 12-14-1 through 12-14-71,Ala. Code 1975. Therefore, a municipality does not have a duty to provide court reporters in municipal court hearings.
The appellant's contention that any court reporter can make an adequate record for a direct appeal to this court is also without merit. As the Supreme Court of Alabama stated inEx parte French, 547 So.2d 547, 549 (Ala. 1989):
 "[A]n unofficial transcript, prepared by a person not duly appointed as an official court reporter pursuant to the provisions of Ala. Code 1975, §§ 12-17-270 through 277, or approved by the adverse party or parties, is inadmissible in a subsequent trial. The appointment by the court of an official reporter, § 12-17-270, and the oath taken by the reporter, § 12-17-273, serve as protections to both parties, ensuring the accuracy and impartiality of the reporting. On the other hand, a transcript by a reporter hired and paid by one party has no such guarantee of authenticity, and the opposing party is provided no protection from possible errors or even fraud."
In French, the supreme court also adopted the reasoning set forth in a prior decision of the Court of Appeals for the Fifth Circuit which held that, unless the stenographer was appointed or agreed upon by the parties, the trial was not "stenographically reported" and the stenographer's product could not be used as an official transcript on appeal. Id.; seeMiddleton v. Hartford Accident Indemnity Co., 119 F.2d 721,724 (5th Cir. 1941). We share the Alabama Supreme Court's concerns regarding the dangers inherent in allowing unofficial transcripts prepared by court reporters hired by parties to be used in subsequent trials or appeals. Accordingly, we find the appellant's argument that he had the right to have "any court reporter from any source, compensated by any party" transcribe the hearing for purposes of a direct appeal to this court to be without merit.
 III
In petitioning for a writ of mandamus, the petitioner must also show that the respondent has "an imperative duty" to perform a certain act and has refused to perform it. Ex parteHudson, 562 So.2d 248, 250 (Ala. 1990). Stated another way, there must be "credible allegations which are iron-clad in nature, showing that the trial judge is bound by law to do what petitioner requests." Ex parte Hill 508 So.2d 269, 271
(Ala.Civ.App. 1987). Sections 12-17-270 through 12-17-277, Ala. Code 1975, govern official court reporters, and they do not require that a municipal court appoint a court reporter as an official court reporter. As we have previously noted, a municipal court is not a court of record. Ex parte Town of Gulf Shores,412 So.2d 1259 (Ala.Cr.App. 1982). Therefore, the municipal judge did not have an imperative duty to allow the private court reporter hired by the appellant to create an official transcript for purposes of a direct appeal to this court or an imperative duty to provide, at the City's expense, a court reporter whose transcript could be used for purposes of a direct appeal to this court.
 IV
The appellant has failed to prove that the circuit court erred in denying his petition for a writ of mandamus. He does not have a legal right to pursue a direct appeal to this court. In addition, he does not a have a legal right to have a transcript of the municipal court proceedings prepared byany court *Page 1174 
reporter of his choosing and paid for by him or by a court reporter hired by the City at the City's expense for the purposes of pursuing a direct appeal to this court. The appellant also failed to show that the municipal court had an imperative duty to allow the court reporter he retained to transcribe the hearing or to provide a court reporter at the City's expense for the purposes of pursuing a direct appeal to this court. Even so, the municipal court agreed to allow the appellant to have the court reporter present for his attorney's use. Because the appellant did not satisfy all of the requirements necessary to support his petition for a writ of mandamus, the circuit court correctly denied the appellant's petition.
AFFIRMED.
All Judges concur.