JOHNSTONE, Justice.
After a bench trial in the Municipal Court of the City of Evergreen, Donald Keith Burnsed, represented by counsel, was convicted of the misdemeanor offense of driving under the influence of alcohol (DUI). The proceedings were recorded by a court reporter. A transcript of the bench trial is in the record on appeal. On June 15, 1999, the municipal judge ordered Burnsed to pay a $600 fine and $172.50 in court costs. Burnsed moved for a new trial, which the municipal judge denied on August 19, 1999. On September 14, 1999, Burnsed appealed to the Court of Criminal Appeals pursuant to Rule 30.3(c), Ala. *527 R.Crim. P.[1] Sua sponte, the Court of Criminal Appeals dismissed the appeal without an opinion on November 29, 1999. Burnsed v. City of Evergreen, 796 So.2d 462 (Ala.Crim.App.1999) (table). The Court of Criminal Appeals dismissed the appeal on the ground, not raised by the City, that Burnsed had failed to satisfy the requirements of Rule 30.2, Ala. R.Crim. P.:
“An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is' waived by all parties entitled to trial by jury, or
“(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”[2]
(Emphasis added.) See also § 12-12-72, Ala.Code 1975. In its order dismissing Burnsed’s appeal, the Court of Criminal Appeals specifically stated that Burnsed had failed “to show that the transcript in question was prepared by a person duly appointed by the trial court to serve as an official court reporter.” Citing Ex parte French, 547 So.2d 547 (Ala.1989), the Court of Criminal Appeals stated further, “[ajbsent such an appointment the transcript in question is nothing more than an unofficial record and will not serve as an adequate record for purposes of Rule 30.2(1) of the Alabama Rules of Criminal Procedure unless the City of Evergreen approves of its usage.”
In an application for rehearing, Burnsed asserted that, after the Court of Criminal Appeals dismissed his appeal, it should have then transferred his case to the circuit court for a trial de novo. Overruling Burnsed’s application for rehearing and denying his Rule 39(k), Ala. R.App. P., motion, the Court of Criminal Appeals stated that it could not transfer the case to the circuit court because the circuit court did not have jurisdiction to hear the case because Burnsed did not file his notice of appeal within 14 days of the denial of his motion for a new trial, as required by Rule 30.1(a), Ala. R.Crim. P. The Court of Criminal Appeals noted that, although Burnsed invoked the jurisdiction of the Court of Criminal Appeals by filing his notice of appeal to the Court of Criminal Appeals 25 days after his posttrial motion was denied (within the 42-day jurisdictional time limit for appealing from municipal court to the Court of Criminal Appeals under Rule 30.3(c)), he failed to invoke the jurisdiction of the circuit court because he filed his notice outside the 14-day jurisdictional time limit for appealing from municipal court to circuit court. The order of the Court of Criminal Appeals invites this Court to amend the jurisdictional time limit in Rule 30.3(c) from 42 days to 14 days so that, when the Court of Criminal Appeals dismisses an appeal from the municipal or district court, it will then have the authority to transfer the case to the circuit court for a trial de novo.
Burnsed has petitioned this Court for certiorari review, which we have granted. This opinion does not address whether we should amend Rule 30.3(c) to be consistent with Rule 30.1(a), because this Court finds that the Court of Criminal Appeals erred *528 in dismissing Burnsed’s appeal on the ground that an adequate record of the municipal court proceedings did not exist.
The case of Ex parte French, supra, cited by the Court of Criminal Appeals in support of its finding that Burnsed did not provide an adequate record of the municipal court proceedings, is distinguishable from the case before us. In Ex parte French, an employee sued his employer in the district court for breach of contract. After hearing testimony and arguments, the district court entered a judgment in favor of the employer. The employee appealed to the circuit court, where the employer moved for a summary judgment. In support of its motion, the employer attached a copy of the transcript of the district court proceedings, which had been recorded by a stenographer hired by the employer. The employee moved to suppress the transcript, but the circuit court denied the motion and entered a summary judgment in favor of the employer. The employee appealed to the Court of Civil Appeals, which affirmed the judgment of the circuit court. French v. GTE Communication Sys. Corp., 547 So.2d 543 (Ala.Civ.App.1988).
In his petition to this Court for a writ of certiorari, the employee argued that “the Court of Civil Appeals erred in affirming the circuit court’s order overruling his motion to suppress the transcript of the district court proceedings.” Ex parte French, 547 So.2d at 547. The employee sought to have the transcript suppressed because the stenographer had been hired by the employer rather than appointed by the trial court or accepted by agreement of both parties. This Court stated that, in holding that the transcript by the private stenographer was admissible, the Court of Civil Appeals neglected to address the application of §§ 12-17-270 through 12-17-277. We held that “an unofficial transcript, prepared by a person not duly appointed as an official court reporter pursuant to the provisions of Ala.Code 1975, §§, 12-17-270 through -277, or [not] approved by the adverse party or parties, is inadmissible in a subsequent trial.” 547 So.2d at 549.
Section 12-17-1 et seq., including in particular § 12-17-270 (which authorizes the appointment by the court of an official court reporter) apply in circuit court and district court only. Those Code sections do not apply to municipal courts. Unlike circuit courts and district courts, municipal courts are not courts of record. Ex parte Town of Gulf Shores, 412 So.2d 1259 (Ala.Crim.App.1982). While a defendant who demands a court reporter is entitled to one in the circuit court or the district court, § 12-17-270, Marquis v. State, 439 So.2d 197 (Ala.Crim.App.1983), and Ex parte White, 403 So.2d 292 (Ala.1981), no rule or statutory law requires a municipal court to appoint an official court reporter upon a defendant’s request. See, e.g., Parker v. City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App.1997).[3]
*529 Because the municipal court was not authorized to appoint an official court reporter, even if requested by Burnsed, Burnsed’s failure “to show that the transcript in question was prepared by a person duly appointed by the trial court to serve as an official court reporter” did not constitute a ground for the dismissal of Burnsed’s appeal. Rule 30.2(1) itself authorizes a defendant to appeal from the municipal court to the Court of Criminal Appeals or to the Supreme Court “[i]f an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury.” The record establishes that the defendant waived his right to a jury trial. Likewise, the record establishes that an adequate record of the proceedings in the municipal court was prepared. The record does not contain any objection by the City of Evergreen to the court reporter, the transcript, its accuracy, or its use for the appeal. Thus, Burnsed has satisfied the requirements of Rule 30.2(1), Ala. R.Crim. P. To the extent that Parker v. City of Tuscaloosa, supra, conflicts with this opinion, it is overruled.
The judgment of dismissal is reversed and this cause is remanded to the Court of Criminal Appeals for reinstatement of Burnsed’s appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS. 
MOORE, C.J., and LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON, J., concurs in the result.
SEE, J., dissents.

. Rule 30.3(c) provides that a defendant may appeal from the district or municipal court to the Court of Criminal Appeals or to the Supreme Court "by filing with the clerk of the district or the municipal court a notice of appeal within forty-two (42) days from the date of pronouncement of sentence or the date of denial of a timely filed post-trial motion, whichever is later.”

. Because the parties did not stipulate that this case involved only questions of law, this second part of Rule 30.2 does not apply.

. The defendant hired a court reporter- to record the municipal court proceedings. The City objected to the presence of the court reporter for any purpose. The municipal judge sustained the objection insofar as the defendant sought to use the transcript prepared by the court reporter for purposes of appeal pursuant to Rule 30.2. Upon the defendant’s petition for a writ of mandamus, the Court of Criminal Appeals held that, because no law authorized the municipal court to appoint a court reporter, "[the defendant] [did] not have a legal right to have a transcript of the municipal court proceedings prepared by any court reporter of his choosing and paid for by him or by a court reporter hired by the City at the City's expense for the purposes of pursuing a direct appeal to this court.’’ 698 So.2d at 1173-74. (Emphasis omitted.)