SEE, Justice
(dissenting).
The Alabama Rules of Criminal Procedure allow a defendant who has suffered an adverse judgment in a municipal court to appeal that judgment directly to the Court of Criminal Appeals, under certain conditions. Rule 30.2, Ala. R.Crim. P., provides:
“An appeal from the district or municipal court shall go directly to the appropriate appellate court:
“(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
“(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question.”
Burnsed waived his right to a jury trial, and he argues that the transcript of the municipal court proceeding that was prepared by a person he hired was an “adequate record.”[4] The majority agrees, holding that a transcript of a municipal court proceeding prepared by a person employed by the defendant is an “adequate record,” as that phrase is used in Rule 30.2(1), Ala. R.Crim. P. I disagree, and, therefore, I must respectfully dissent.
In Parker v. City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App.1997), which the majority overrules to the extent it conflicts *530 with today’s decision, the Court of Criminal Appeals considered a case similar to this one. Parker, facing prosecution in the municipal court, hired a court reporter to transcribe the proceeding. The prosecutor objected to the reporter’s transcribing the proceeding, and the municipal court judge sustained his objection. Parker petitioned the circuit court for a writ of mandamus, which the circuit court denied. Parker then appealed to the Court of Criminal Appeals, which held, based in part on this Court’s decision in Ex parte French, 547 So.2d 547 (Ala.1989), that “the appellant’s argument that he had the right to have ‘any court reporter from any source, compensated by any party’ transcribe the hearing for purposes of a direct appeal to [the Court of Criminal Appeals was] without merit.” Parker, 698 So.2d at 1173.[5]
In Ex parte French, this Court considered a case involving similar issues. Michael French sued his former employer, GTE Communication Systems (“GTE”) in the district court. The district court did not provide an official court reporter; GTE hired a stenographer to record the proceedings. The district court entered a judgment in favor of GTE, and French appealed to the circuit court. GTE offered into evidence the transcript of the district court proceeding that GTE’s stenographer had prepared. French moved to suppress the transcript. The circuit court denied French’s motion, admitted the transcript into evidence, and entered a summary judgment in favor of GTE. The Court of Civil Appeals affirmed. French v. GTE Communication Sys. Corp., 547 So.2d 543 (Ala.Civ.App.1988). This Court granted French’s petition for certiorari review and considered his argument that the circuit court erred in denying his motion to suppress, and, thus, that the Court of Civil Appeals erred in affirming.
This Court in Ex parte French reviewed several cases in which it had considered the question whether a transcript of a prior proceeding was admissible as evidence in a later proceeding. See Olds v. Powell, 10 Ala. 393 (1846); Degg v. State, 150 Ala. 3, 43 So. 484 (1907); and Woods v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681 (1920). In each case, this Court had held that the transcripts were inadmissible.[6] This Court held that GTE’s transcript of the district court proceeding was inadmissible as evidence in the circuit court.[7] In so holding, this Court noted *531 that “a transcript by a reporter hired and paid by one party has no ... guarantee of authenticity, and the opposing party is provided no protection from possible errors or even fraud.” Ex parte French, 547 So.2d at 549.
The majority concludes that this present case is distinguishable from Ex parte French because this case originated in the municipal court, and because the provisions of the Code of Alabama concerning the appointment of official court reporters, § 12-17-270 et seq., do not apply to the municipal courts. I believe, however, that the concerns voiced in Ex parte French by a unanimous Court are persuasive. In Ex parte French, this Court stated that a transcript prepared without the sanction of the court or the opposing party “has no ... guarantee of authenticity” and is thus inadmissible in evidence in a later trial. Id. If an unofficial transcript is not sufficiently trustworthy to allow its use as evidence in a subsequent proceeding at the trial court level, I cannot agree that it is sufficiently trustworthy to conclude that it nevertheless is an “adequate record” for purposes of allowing a direct appeal to the Court of Criminal Appeals.
Rule 30.1(a), Ala. R.Crim. P., provides that “[a] defendant convicted of an offense in a municipal court ... shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.” If a defendant is unsuccessful in the circuit court, he would then have an official transcript from which to appeal to the Court of Criminal Appeals. See § 12-17-270, Ala. Code 1975.
I believe that the potential inaccuracy in an unofficial transcript and the possible fraud that could be involved in the use of such a transcript outweigh a party’s desire to bypass the circuit court when pursuing an appeal. Therefore, I must dissent from the holding that an unofficial transcript is “adequate” for purposes of allowing an appeal from the municipal court directly to the Court of Criminal Appeals.

. The parties did not enter into a stipulation of facts or a stipulation that Burnsed’s appeal presents only issues of law. Therefore, the only portion of Rule 30.2 that would authorize Burnsed to appeal directly to the Court of Criminal Appeals is that portion of the rule allowing an appeal if there is an "adequate record” of the municipal court proceeding.

.The majority states that, in Parker, the Court of Criminal Appeals held that a municipal court was not "authorized” to appoint an official court reporter. 844 So.2d at 528 n. 3. I believe that in stating that, this Court overextends Parker. In Parker, the Court of Criminal Appeals stated:
"Sections 12-17-270 through 12-17-277, Ala.Code 1975, govern official court reporters, and they do not require that a municipal court appoint a court reporter as an official court reporter.... Therefore, the municipal judge did not have an imperative duty to allow the private court reporter hired by the appellant to create an official transcript for purposes of a direct appeal to this court or an imperative duty to provide, at the City's expense, a court reporter whose transcript could be used for purposes of a direct appeal to this court.” 698 So.2d at 1173 (emphasis added). Thus, Parker holds only that a municipal court does not have a duty to provide a court reporter; it did not purport to prohibit a municipal court from providing a court reporter.

. This Court also considered Middleton v. Hartford Accident & Indemnity Co., 119 F.2d 721, 724 (5th Cir.1941), in which the United States Court of Appeals for the Fifth Circuit noted that "the rule concerning official transcripts on appeal 'does not contemplate that one party shall employ a stenographer of his choice to report for him, without the authority of court or adversary.’ ” Quoted in Ex parte French, 547 So.2d at 548.

. This Court noted Rule 80, Ala. R. Civ. P., which provides:
"Whenever the testimony of a witness at a trial or hearing which was stenographi- *531 cally reported is admissible in evidence at a later trial, it may be proved by the transcript thereof duly certified by the person who reported the testimony."
However, the Court also noted that Rule 80 "applies only to an official stenographer.” Quoting Comment to Rule 80, Ala.R.Civ.P.