[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 946 
Jerry Maye petitions this Court for a writ of mandamus directing Special Circuit Judge Gordon Ray Batson to order Municipal Judge Gregory Albritton to allow Maye to hire a court reporter to record municipal court proceedings on a charge against Maye for driving under the influence. Maye also petitions this Court for a writ of prohibition prohibiting Municipal Judge Albritton from ordering defense counsel Paul Harden, Sr., to refrain from hiring a court reporter to record any municipal court proceedings in the present case and in future cases handled by Harden in the Municipal Court of the City of Evergreen.
In 1999, Municipal Judge Albritton informed defense counsel that he could not use a court reporter to record municipal court proceedings in Maye's case or in any future cases in the Municipal Court of the City of Evergreen. Defense counsel moved the judge to reconsider his decision prohibiting the use of court reporters to record municipal court proceedings. Defense counsel asserted, among other grounds, that the judge's decision deprived defense counsel of his right to work product (i.e., the court reporter's transcript) to prepare effectively a defense on appeal of the municipal judge's ruling. Upon Municipal Judge Albritton's denial of defense counsel's motion to reconsider, defense counsel petitioned the Conecuh Circuit Court for a writ of mandamus. Judge Gordon Ray Batson conducted a hearing, at which Municipal Judge Albritton testified. Municipal Judge Albritton stated two reasons for prohibiting the use of court reporters to record municipal proceedings over which he presided. First, he said court reporters consume too much time to set up and to dismantle their equipment, and the delay hinders the court in its handling a large number of cases in one day and therefore increases the court's backlog. Second, Judge Albritton said that court reporters cause the parties to raise more objections to testimony and to issues raised by either party. Judge Batson denied the petition for a writ of mandamus and subsequently denied defense counsel's "Application for Rehearing — Motion for New Trial."
Maye now petitions this Court for a writ of mandamus and a writ of prohibition. In his petition, Maye raises two issues:
1) whether the municipal judge abused his discretion in refusing to allow defense counsel to hire a court reporter to record the municipal court proceedings in this case and in future cases handled by defense counsel in the Municipal Court of the City of Evergreen; and 2) whether a defendant has a right to hire a court reporter to record municipal court proceedings.
 "`Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'
 "Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990). Because `mandamus is an extraordinary remedy, the standard of review for a writ of mandamus *Page 947 
is whether there has been a clear abuse of discretion by the trial judge.' Ex parte Rudolph, 515 So.2d 704, 706
(Ala. 1987)."
Ex parte Mardis, 628 So.2d 605, 606 (Ala. 1993).
 "`A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health Mental Retardation, 536 So.2d 78
(Ala.Civ.App. 1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246
(1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala. 1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693
(1963); Ex parte Burch, 236 Ala. 662, 184 So. 694
(1938). The petition for the writ "properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction." Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala. 1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120
(1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). "Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction." Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).'"
Ex parte Moody, 681 So.2d 276, 276-77 (Ala.Crim.App. 1996), quoting Exparte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App. 1993), rev'd,644 So.2d 961 (Ala.), on remand, 644 So.2d 966 (Ala.Civ.App. 1994).
Recently, this Court addressed whether a transcript of the municipal court proceedings in the City of Evergreen recorded by a court reporter hired by the defendant, who was charged with the misdemeanor offense of driving under the influence, constituted an adequate record for purposes of appeal to the Court of Criminal Appeals pursuant to Rule 30.2(1), Ala.R.Crim.P.[1] Ex parte Burnsed, [Ms. 1990792, March 2, 2001] ___ So.2d ___ (Ala. 2001). Dismissing Burnsed's appeal of his DUI conviction, the Court of Criminal Appeals had held that, because the transcript was prepared by a court reporter hired by the defendant and not appointed by the trial court, the transcript was not an official record and therefore was not an "adequate record" for appeal as required by Rule 30.2(1). Burnsed, ___ So.2d at ___. This Court reversed the judgment of the Court of Criminal Appeals and remanded the case for reinstatement of Burnsed's appeal. We recognized:
 "Section 12-17-1 et seq., including in particular § 12-17-270 (which authorizes the appointment by the court of an official court reporter) apply in circuit court and district court only. Those Code sections do not apply to municipal courts. Unlike circuit courts and district courts, municipal courts are not courts of record. Ex parte Town of Gulf Shores, 412 So.2d 1259 (Ala.Crim.App. 1982). While a defendant who demands a court reporter is entitled to one in the circuit court or the district court, § 12-17-270, Marquis v. State, 439 So.2d 197 *Page 948 
(Ala.Crim.App. 1983), and Ex parte White, 403 So.2d 292
(Ala. 1981), no rule or statutory law requires a municipal court to appoint an official court reporter upon a defendant's request. See, e.g., Parker v. City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App. 1997)."
Burnsed, ___ So.2d at ___. (Emphasis added.) In reaching our decision inBurnsed, we acknowledged that the Court of Criminal Appeals in Parker v.City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App. 1997), correctly noted that, because municipal courts, unlike circuit courts and district courts, are not courts of record, municipal courts are not authorized by rule or statute to appoint a court reporter. However, we rejected the rationale and holding of the Parker court that a "[defendant] does not have a legal right to have a transcript of the municipal court proceedings prepared by any court reporter of his choosing and paid for by him or by a court reporter hired by the City at the City's expense for the purposes of pursuing a direct appeal to [the appellate court]."Parker, 698 So.2d at 1173-74.
In refusing to allow defense counsel to hire a court reporter to record the municipal court proceedings, the municipal court in the case now before us relied upon the very rationale and holding of Parker that this Court rejected and overruled in Burnsed. While we have acknowledged that a defendant does not a have a legal right, established by rule or statute, to have a court reporter appointed to record municipal court proceedings, a defendant has a constitutional right to present a defense to the charges against him and at least a statutory right to appeal a conviction either on a record or for a trial de novo, § 12-14-70, Ala. Code 1975, and Rules 30.1 and 30.2, Ala.R.Crim.P. A record of the municipal court proceedings is necessary to an appeal on the record,Burnsed, supra, and is a legitimate aid in any appeal for a trial de novo. Thus Judge Albritton's rule against court reporters interferes with the jurisdiction of the circuit court and the appellate courts over appeals from the municipal court. No statute and no rule promulgated by this Court prohibits a defendant from hiring, at his own expense, a court reporter to record municipal court proceedings to make a record for purposes of appeal. Further, any appearance of impropriety or impartiality which may exist because a court reporter is hired by one party only can be eliminated by administering an oath to the court reporter. §12-17-273, Ala. Code 1975. Absent any proof by the City that the record is not a substantially true and correct transcription of the proceedings below prepared by a qualified court reporter, the record is proper for use by defense counsel in appealing the judgment of the municipal court.Burnsed, supra. See also Ex parte Boswell, 558 So.2d 918 (Ala. 1990);Dobbs v. State Dep't of Pensions Sec., 484 So.2d 1052 (Ala. 1984); andShuler v. State, 56 Ala. App. 599, 324 So.2d 313 (Ala.Crim.App. 1975).
Maye has met the requirements for the relief he seeks. Thus, this Court grants the petition for a writ of mandamus and orders Judge Batson to order Municipal Judge Albritton to allow Maye to hire a qualified and sworn court reporter to record the municipal court proceedings on the DUI charge against Maye. We further grant the petition for a writ of prohibition and order Municipal Judge Albritton to refrain from prohibiting any qualified defense lawyer from hiring, at his or his client's own expense, a qualified court reporter to record any municipal court proceedings being handled by that lawyer in the Municipal Court of the City of Evergreen. *Page 949 
WRIT OF MANDAMUS GRANTED; AND WRIT OF PROHIBITION GRANTED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
[1] Rule 30.2(1) provides that a party may appeal from district or municipal court directly to the appropriate appellate court, bypassing the circuit court for a trial de novo, "[i]f an adequate record or stipulation of fact is available and the right to a jury trial is waived."