^JjLOVE, J.
The City of New Orleans appeals the twelve-year retroactive granting of the homestead exemption in favor of the plaintiff and the annulment of the 1988 adjudication by the Tax Collector of the plaintiffs property to the City of New Orleans (“City”) due to delinquent ad valorem taxes, penalties and interest from 1988 through 1988. For the reasons outlined below we affirm the ruling of the trial court.
FACTS AND PROCEDURAL HISTORY
From 1988 until 1998, plaintiff Clare P. LaNasa (“LaNasa”) failed to apply for benefits of the homestead exemption and failed to pay the ad valorem property taxes due on LaNasa’s property. In 1988, according to the New Orleans Code Part II, Chapter 150 Section 49, the Tax Collector filed suit and had a hen placed on LaNasa’s property due to delinquent ad valorem taxes, penalties and interest.
On September 3, 1998, LaNasa filed a Petition to Nullify Adjudication and sought injunctive relief. LaNasa alleged that Assessor Erroll G. Williams improperly assessed property owned by her for the tax years 1983 through 1995 |Pand that the City of New Orleans illegally issued a tax bill pursuant to the assessment and the years of unpaid taxes. The property, located at 5721 Vermillion Boulevard, was adjudicated to the City in 1988 for nonpayment of delinquent taxes, interest and penalties, which had accrued since 1983.
LaNasa claims that she is entitled to a homestead exemption for those past years. Prior to 1983, the homestead exemption was applied for by her mortgage company or ex-husband and granted. Likewise, pri- or to 1983, the mortgage company paid the taxes owed on the property. From 1983 to 1998, LaNasa, the property owner, applied for no exemption, nor did she pay her taxes.
When LaNasa attempted to sell the subject property in 1997, she contacted Assessor Williams and applied for the homestead exemption for 1998. She also was permitted to apply retroactively for the exemption for the 1996 and 1997 tax years. Upon the taxpayer showing proof that she received mail at the address and that utilities were in her name for those years, the tax assessor retroactively granted the homestead exemption for the three preceding years.
LaNasa agreed to sell her home for the sum of $68,000.00. This sum is below the $75,000 homestead exemption value, thus she argued she should benefit fully from the homestead exemption. At the same time, the City claims the amount of delinquent taxes, interest and penalties owed on the property is approximately $19,247.06.
The Judgment of the trial court, ordered the assessor’s office to recognize the home *406 stead exemption for the years 1988-1995. Moreover, the Judgment | ¡¡reversed the adjudication of the property to the City for nonpayment of taxes. The trial court ordered the plaintiff to pay all taxes, penalties and interest owing the City after the homestead exemption was applied.
DISCUSSION
It is well settled that a trial court’s findings of fact will not be disturbed unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. Syrie v. Schilhab, 96-1027 (La.5/20/97), 698 So.2d 1173.
Article VII, Section 20(A)(1) of the Louisiana Constitution of 1973 (as amended) states in pertinent part:
(1) The bona fide homestead, consisting of ... a residence... owned and occupied by any person, shall be exempt from state, parish, and special ad valo-rem taxes to the extent of seven thousand five hundred dollars of assessed valuation....
In the instant case the evidence showed that LaNasa actually lived in the home during the years in question. Further, LaNasa’s son, David Paul LaNasa, testified at trial that his mother was incompetent and not capable of caring for herself. To that end he and his sister would collect LaNasa’s mail. He stated LaNasa never received mail regarding the homestead exemption. He further testified that his mother is ignoi*ant of the process of claiming the exemption because her husband always took care of it when they lived together, before LaNasa took ownership of the house. The evidence also demonstrated that the certified letter the Assessor sent to LaNasa regarding the 1988 adjudication was returned “unclaimed”. Neither the City nor the Assessor presented evidence that LaNasa actually received any of the applications it sent regarding the homestead exemption.
hWalter O’Brien, a member of the Finance Department, Bureau of the Treasury for the City of New Orleans, testified that there is no rule either limiting or mandating the Assessor’s ability to grant the exemption retroactively, but that it is customary for the Assessor’s office to only grant the exemption retroactively for three years.
A homeowner is absolutely entitled to the homestead exemption as guaranteed by the Constitution. Any local administrative rule or ordinance restricting the application must be strictly construed, so as to prevent that local rule or ordinance from circumventing what has been constitutionally granted. The City recognized that its administrative rule in some instances could cause an inequitable situation; therefore, the City enacted the three-year rule. As the trial court found, if equity requires the retroactive granting, then the City should be limited to reasonableness, not an arbitrary number simply because it has been common practice. Given LaNasa’s age and infirmity, the trial court concluded that her failure to fill out and return a postcard, which it was never shown that she actually received, should not preclude her from receiving the exemption retroactive to 1988. The trial court ordered La-Nasa to pay the City’s expenses, assessments and taxes properly due after the exemption was applied. We find no clear or manifest error in that ruling, considering the facts of this case.
Appellants claim that LaNasa’s cause of action should be dismissed because she did not bring this action properly under La. R.S. 47:2110, which provides with respect to suits to recover taxes paid under protest. Appellants’ claim is without merit, because LaNasa is not suing to recover taxes paid under protest. She is *407 suing to have her homestead exemption recognized.
| -For the reasons outlined above we affirm the trial court’s ruling.
AFFIRMED.
KIRBY, J., dissents with reasons.