Dear Ms. Degan:
As Assessor for the Sixth Municipal District in New Orleans, you question whether or not there is a prescriptive period applicable to the homestead exemption. You indicate that the Louisiana Tax Commission recently denied the approval of supplemental homestead applications regarding a taxpayer in your district because it was beyond the three year prescriptive period outlined in La.R.S.47:1966. You question if this prescriptive period or any other prescriptive period is applicable.
In short, it is our opinion that the three year prescriptive period referenced in La.R.S. 47:1966 is not applicable. We are not aware of any other applicable prescriptive period. The homestead exemption is set forth in Article 7, Section 20 of the Louisiana Constitution. It is mandatory that a bona fide homestead be exempt from state, parish, and special ad valorem taxes to the extent of $7,500.00 of the assessed valuation. A homeowner is entitled to the homestead exemption if he meets the requisite criteria as outlined in the constitution.
La.R.S. 47:1966 addresses the procedure for the listing and assessing of omitted property. It provides that if any tract or lot of land is omitted in the assessment of any year or series of years or is in some way erroneously assessed, it shall be assessed when the error or omission is discovered and is subject to state, parish, municipal, and levee taxes during that period of omission or error. The statute specifically provides, however, that no back taxes for more than three years shall be assessed against omitted or improperly assessed property. Thus, there is a prescriptive period in a situation where property was omitted in the assessment of a particular year or series of years or if the property was erroneously assessed. Your request presents a situation where a homeowner simply failed to apply for the homestead exemption for a particular year or series of years. Your situation is not one of omission or error. Therefore, we do not believe that this statute sets forth a prescriptive period for supplemental applications for the homestead exemption.
This issue was actually considered by the Fourth Circuit Court of Appeal for the State of Louisiana. A taxpayer forgot to apply for the homestead exemption and failed to pay the property taxes due on her property. The tax collector filed suit and had a lien placed on the property. The taxpayer claimed that she was entitled to the homestead exemption for those past years. The assessor claimed he could only grant the exemption retroactively for three years because that was the customary practice of his office. The appellate court affirmed the trial court's ruling that a homeowner is absolutely entitled to the homestead exemption and the retroactive granting of the homestead exemption by an assessor must be done in a reasonable and equitable manner. It should not be limited to an arbitrary number.[1]
Thus, a taxpayer is not limited to a particular number of years to retroactively apply for the homestead exemption. But assessors, pursuant to La.R.S. 47:1966, are limited in their recovery of back taxes to three years.
Again, it is our opinion that the prescriptive period of La.R.S.47:1966 does not apply to the homestead exemption nor are we aware of any other applicable prescriptive period. Rather, you must use reasonable and equitable discretion as the assessor when considering a supplemental application for the homestead exemption.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
[1] Lanasa v. City of New Orleans, 855 So.2d 404 (La.App. 4th Cir. 2003), writ denied, 861 So.2d 578.
CCF, jr./TVG/dam