Dear Mr. Mitchell:
You requested an Attorney General's opinion regarding the application of the three year limit on the recovery of ad valorem taxes paid in error set forth in La.R.S. 47:2108.1 to claims involving the Homestead Exemption.
According to your request, a homeowner bought property in 2000 and paid taxes on the home from 2000 to 2006, but failed to file for Homestead Exemption on the property until 2007. After filing for the Homestead Exemption, the homeowner presented a claim for a refund of the portion of ad valorem taxes paid over the preceding seven years that would have been subject to the Homestead Exemption had the exemption been claimed. You further explain that the Ouachita Parish Police Jury (hereinafter "OPPJ") has refunded to the homeowner those taxes he paid in 2004, 2005, and 2006 that would not have been due had the Homestead Exemption been claimed. The OPPJ, however, is unsure whether a refund must also be issued for those taxes paid from 2000 — 2003 that would not have been due had the Homestead Exemption been claimed.
La.R.S. 47:2108.1(A) provides in pertinent part:
 Any person who has a claim against a political subdivision for ad valorem taxes erroneously paid into the funds of that political subdivision may present such claim to the Louisiana Tax Commission within three years of the date of such payment . . . (emphasis added)
La.R.S. 47:2801.1(C)(1) provides:
if the claim is made for taxes erroneously paid on property which is or could be homestead exempt, the collector shall immediately notify the affected tax recipient bodies to remit to him within thirty days their pro rata share of the refund or repayment. *Page 2 
In Attorney General Opinion No. 04-0221, this office opined that the prescriptive period of La.R.S. 47:1955 does not apply to the retroactive granting of the Homestead Exemption. The opinion was based on the decision in Lanasa v. City of New Orleans, wherein the appellate court affirmed the trial court's ruling that a homeowner is "absolutely entitled to the homestead exemption" and the retroactive granting of the homestead exemption by an assessor "should be limited to reasonableness, not an arbitrary number simply because it has been common practice."[1]
While Opinion No. 04-0221 and Lanasa state that a homeowner does not lose the right to have their property declared homestead exempt retroactively, neither Opinion 04-0221 nor Lanasa address tax refunds, and do not stand for the proposition that a homeowner is entitled to a refund of taxes paid more than three years earlier. La.R.S. 47:2108.1 specifically limits the recovery of ad valorem taxes paid in error to three years. Therefore, a homeowner can apply to have their Homestead Exemption applied retroactively, but if they erroneously paid taxes on the property, they must present their claim for refund within three years of the date of such payment.
Based on the foregoing reasons, it is the opinion of this office that the three year limit on the recovery of ad valorem taxes paid in error set forth in La.R.S. 47:2108.1 applies to claims involving the Homestead Exemption. Accordingly, the Ouachita Parish Police Jury is not required to refund the homeowner for the portion of ad valorem taxes paid from 2000 to 2003 that would not have been due had the Homestead Exemption been claimed.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] Lanasa v. City of New Orleans, 855 So. 2d 404, 406 (La.App. 4th Cir. 2003), writ denied, 861 So. 2d 578.