JOINER, Judge,
concurring specially.
I concur with this Court’s decision to dismiss Mitchell Vann Glaze’s appeal from his driving-under-the-influence conviction in the Alabaster Municipal Court and his “purported” sentence only because Ex parte Kelley, [Ms. 1131451, Nov. 6, 2015] — So.3d — (Ala.2015), compels this Court to do so. Although Kelley involved a circuit court’s failure to orally pronounce both guilt and sentence for a felony offense, the holding in Kelley is written in such a broad manner that it ensnares even municipal-court convictions.
Indeed, in Kelley, the supreme court explained:
“In Alabama, the right to appeal a conviction is specifically provided for in § 12-22-130, Ala.Code 1975:
“ ‘A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court *862 of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court.’
“Under § 12-22-130, appeals lie only from a ‘judgment of conviction.’ Ex parte Eason, 929 So.2d 992, 993 (Ala. 2005); Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). A judgment of conviction consists of the pronouncement of both a determination of a defendant’s guilt and a sentence. Ex parte Walker, 152 So.3d [1247,] 1252 [ (Ala.2014) ]. Absent a judgment of conviction, a conviction is not ripe for appeal. Id.”
— So.3d at —(emphasis added). The supreme court then explained that a “pronouncement” sufficient to invoke the jurisdiction of this Court exists only when the court reporter’s transcript demonstrates that the sentencing court “uttered”—that is, “ ‘sen[t] forth as a sound: g[a]ve out in an audible voice’ ”—both the “defendant’s guilt and sentence.”[1] — So.3d at —. In other words, Kelley holds that, if a conviction can be appealed directly to this Court, this Court’s appellate jurisdiction is not invoked unless the record on appeal includes a court reporter’s transcript that affirmatively demonstrates that the sentencing judge “audibly” informed the defendant of both his guilt and his sentence.
Because municipal-court convictions may be appealed directly to this Court, see § 12-12-72, Ala.Code 1975, the holding in Kelley governs direct appeals from municipal-court convictions and dictates the terms under which this Court can exercise its appellate jurisdiction over those appeals. Applying the holding in Kelley to direct appeals from municipal-court convictions, we are, in this case, bound to hold that this Court does not have jurisdiction over an appeal from a municipal-court conviction unless the record on appeal includes a court reporter’s transcript that demonstrates that the municipal court judge “audibly” informed the defendant of both his guilt and sentence. Because the main opinion correctly concludes that the holding in Kelley precludes this Court from exercising appellate jurisdiction over this case, I concur with this. Court’s decision to dismiss Glaze’s appeal.
If Kelley did not compel such a result, however, I would not tie myself to an opinion holding that this Court cannot exercise jurisdiction over an appeal from a municipal-court conviction unless the record on appeal includes a court reporter’s transcript that demonstrates that the municipal court judge “audibly” informed the defendant of both his guilt and sentence. Indeed, requiring certain words to appear in a court reporter’s transcript in a municipal-court proceeding to invoke this Court’s appellate jurisdiction, in essence, denies individuals convicted in a municipal court their statutory right to file a direct appeal in this Court unless they can afford to hire a court reporter to transcribe the proceedings.
As the Alabama Supreme Court has recognized, “[u]nlike circuit courts and dis *863 trict courts, municipal courts are not courts of record. Ex parte Town of Gulf Shores, 412 So.2d 1259 (Ala.Crim.App.1982).” Ex parte Burnsed, 844 So.2d 526, 528 (Ala.2001). Because municipal courts are not courts of record, those courts are not statutorily required to appoint an official court reporter to record their proceedings. Cf. § 12-17-270, Ala.Code 1975 (“Each of the judges of the circuit courts of this state shall appoint a competent person to perform the duties of official court reporter of the courts in the circuit over which said judge presides.”). Additionally, because municipal courts are not courts of record, a defendant in a municipal-court proceeding has no right to request that a court reporter transcribe the proceedings and, even if such a request is made, the municipal court has no obligation to honor the request. See Ex parte Burnsed, 844 So.2d at 528 (“While a defendant who demands a court reporter is entitled to one in the circuit court or the district court, § 12-17-270, Marquis v. State, 439 So.2d 197 (Ala.Crim.App.1983), and Ex parte White, 403 So.2d 292 (Ala. 1981), no rule or statutory law requires a municipal court to appoint an official court reporter upon a defendant’s request.. See, e.g., Parker v. City of Tuscaloosa, 698 So.2d 1171 (Ala.Crim.App.1997).”). Rather, in a municipal-court proceeding, the only way a defendant can ensure that a municipal-court proceeding will be transcribed—and, thus, ensure that he can invoke the jurisdiction of this Court—is to hire, “at his own expense, a court reporter to record the municipal court proceedings to make a record for purposes of appeal.” Ex parte Maye, 799 So.2d 944, 948 (Ala. 2001).
In my opinion, requiring defendants to hire, at their own expense, a court reporter to transcribe the municipal-court proceedings, which would include the required “pronouncement,” ensures that direct appeal to this Court is an option only for nonindigent defendants. Because Kelley dictates this result, however, I must concur.
BURKE, J., concurs.

. In Kelley, the supreme court reviewed only the court reporter’s transcript to determine whether the trial court "audibly” informed Kelley of his guilt and sentence. Although the clerk’s record in Kelley included a written order from the circuit court establishing that a pronouncement occurred, the supreme court rejected the notion that a written sentencing order could demonstrate that a "pronouncement” had occurred because, the supreme court said, "according to the Alabama Rules of Criminal Procedure and the definition of the word ‘pronounce’ set forth above, the trial court’s written order was not the entry of a ‘sentence’ sufficient to support a holding that a judgment of conviction was entered.” — So.3d at —. Thus, under Kelley, neither a written sentencing order, nor an entry in the case-action summary would be sufficient to establish that a "pronouncement” had occurred.