SHAW, Judge.
Following a bench trial, the appellant, K.T.T., was convicted in juvenile court of contributing to the dependency, delinquency, or need of supervision of a child, a violation of § 12-15-13, Ala.Code 1975; he was sentenced to one year of hard labor and was fined $500.
Although K.T.T. was 23 years of age at the time of the offense, jurisdiction was properly in the juvenile court. See § 12-15-31(l)a, Ala.Code 1975. Because this appeal is from an action in juvenile court, it is governed by Rule 28, Ala.R.Juv.P.
Rule 28(A), Ala.R.Juv.P., states, in relevant part:
“(1) Appeals from final orders, judgments, or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.”
Rule 28(B), Ala.R.Juv.P., states, in relevant part:
“Appeals from final orders, judgments, or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court.”
In Ex parte Lord, 667 So.2d 164 (Ala.Crim.App.1995), the defendants were found guilty in juvenile court of encouraging their minor son to be in need of supervision, in violation of § 12-15-13; they sought to appeal their case to the circuit court for a trial de novo, but the juvenile court declined to accept their notice of appeal, finding that there was an adequate record of the juvenile proceedings and, thus, that the appeal lay directly to this Court. The defendants filed a petition for a writ of mandamus; this Court granted the petition and directed the juvenile court to allow the petitioners to appeal to the circuit court for a trial de novo, holding that although there was an adequate record of the juvenile court proceedings, the petitioners had not waived their right to a jury trial as required by Rule 28(A)(1)(a), Ala.R.Juv.P. Quoting B.T.D. v. T.L.C.H., 585 So.2d 96, 97 (Ala.Civ.App.1991), this Court in Ex parte Lord noted that the waiver of the right to a jury trial must “ ‘be made a part of the record on appeal.’ ” 667 So.2d at 166. See also Christ v. State, 771 So.2d 507 (Ala.Crim.App.2000) (construing similar language in Rule 30.2, Ala. R.Crim. P.).
*320 Here, as in Ex parte Lord, the record on appeal is adequate and is certified as such in accordance with Rule 28(A)(1)(a), Ala. R.Juv.P. However, as in Ex parte Lord, there is no indication in the record that K.T.T. waived his right to a jury trial. Thus, jurisdiction of this áppeal lies in the circuit court, not this Court.
Therefore, pursuant to Rule 28(D), Ala. R-Juv-P.,[1] we transfer this case to the Lee Circuit Court for a trial de novo.
CASE TRANSFERRED TO LEE CIRCUIT COURT.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. Rule 28(D) provides: "An appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.”